This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Dottie Colon has appealed from a judgment of the Summit County Court of Common Pleas that found her guilty of three counts of receiving stolen property. This Court affirms.
 I
On September 15, 2001, two women entered the Staples, Kmart, and Dick's Sporting Goods stores in the Montrose area of Summit County, Ohio and executed fraudulent checks for the purchase of merchandise. One of the women, Ms. Monica Pucci, was observed by a Kmart employee and Officer Jack Simone of the Copley Police Department as she left the Kmart store with some of the goods in a shopping cart and walked to a red Buick in the parking lot. As Ms. Pucci approached the Buick, Appellant exited the driver's side of the vehicle and opened the trunk. Appellant and Ms. Pucci then proceeded to load the merchandise from the shopping cart into the trunk of the automobile.
Officer Simone approached the vehicle and began questioning the women. Ms. Pucci initially gave the officer false identification, but eventually admitted that the checkbook and driver's license belonged to someone else and that she was there to pass the checks. A third woman came to the vehicle during the conversation, and the officer arrested all three for passing counterfeit checks.
Appellant was subsequently indicted on three counts of receiving stolen property in violation of R.C. 2913.51(A). One of the counts was a fifth degree felony; the remaining two were first degree misdemeanors. Following a jury trial, Appellant was convicted of all three counts and sentenced to six months in prison for the felony count, and six months in the Summit County Jail on each of the misdemeanor counts, to be served concurrently. Appellant has timely appealed and asserted three assignments of error, which this Court has rearranged to facilitate review.
 II Assignment of Error Number Three "[APPELLANT'S] CONVICTION SHOULD BE OVERTURNED BECAUSE THE CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE AND BECAUSE THE TRIAL COURT ERRED WHEN IT DID NOT GRANT [APPELLANT'S] CRIM.R. 29 MOTION FOR ACQUITTAL WHEN THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO CONVICT [APPELLANT] OF RECEIVING STOLEN PROPERTY PURSUANT TO R.C. 2913.51(A)."
In her third assignment of error, Appellant has argued that there was insufficient evidence presented at trial from which the jury could find her guilty of receiving stolen property. Appellant has also argued that her convictions for receiving stolen property are against the manifest weight of the evidence.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction[.]" "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by theweight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Accordingly, we will first determine whether Appellant's convictions were against the weight of the evidence.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. Thompkins, 78 Ohio St.3d at 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2913.51(A) provides:
 "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
Appellant has challenged the sufficiency and manifest weight of the evidence with respect to two elements of R.C. 2913.51(A). First, Appellant has argued that the state failed to establish that she received, retained, or disposed of the property of another.[1]
Appellant has argued that eyewitness testimony that Appellant assisted another woman in transferring the stolen merchandise from the shopping cart to the trunk of a car "does not equate to" receiving, retaining, or disposing of that property.
This Court has previously stated: "Receive is not defined in [R.C.2913.51(A)], but a generally accepted definition of receive is to acquire `control in the sense of physical dominion over or apparent legal power to dispose of said property.'" State v. Brewer (July 19, 2000), 9th Dist. No. 99CA007483, at 5, quoting State v. Jackson (1984),20 Ohio App.3d 240, 242. "Possession of stolen property for purposes of the receiving stolen property statute, R.C. 2913.51, may be constructive as well as actual. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982),459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130. In addition, "control or dominion may be achieved through the instrumentality of another." Statev. Wolery (1976), 46 Ohio St.2d 316, 332, certiorari denied (1976),429 U.S. 932, 97 S.Ct. 339, 50 L.Ed.2d 301.
In the case sub judice, Jason Kallio, the loss control representative employed by the Montrose Kmart store, testified on behalf of the state. Mr. Kallio stated that he witnessed Appellant get out of the vehicle as Ms. Pucci approached with the shopping cart full of Kmart merchandise. Mr. Kallio testified that Appellant then opened the trunk of the automobile and assisted Ms. Pucci in loading the goods from the shopping cart into the trunk. Officer Simone also testified that he observed Appellant exit the driver's side of the vehicle, open the trunk, and help Ms. Pucci load the Kmart merchandise. When Officer Simone approached the vehicle, he saw that the open trunk contained bags of merchandise from Kmart, Staples, and Dick's Sporting Goods.
Based on the foregoing, we conclude that the evidence supports the jury's finding that Appellant exercised dominion and control over the stolen property, by opening the closed trunk to get access to the goods and helping to load more Kmart merchandise into the trunk. Accordingly, the jury did not act against the manifest weight of the evidence in finding that Appellant retained constructive possession over the property.
Appellant has also argued that the state failed to establish that she knew or had reasonable cause to believe that the property had been obtained through the commission of theft offenses. Appellant has maintained that the state "presented no evidence" which could lead the jury to conclude that Appellant had or should have had the requisite knowledge that the property in the trunk was stolen from the three stores.
Absent an admission by a defendant, the element of reasonable cause to believe that an item was stolen can only be proved by circumstantial evidence. Hankerson, 70 Ohio St.2d at 92. In determining whether reasonable minds could conclude that a defendant knew or should have known that property has been stolen, the following factors are relevant:
 "(a) [T]he defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise." State v. Davis (1988), 49 Ohio App.3d 109, 112, quoting State v. Brooks, 8th Dist. No. 50384, 1986 Ohio App. LEXIS 5735, at *7-8.
In addition, "[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which a jury may reasonably infer and find, in the light of the surrounding circumstances shown by the case, that the person in possession knew that the property had been stolen." State v. Warren (May 26, 1993), 9th Dist. No. 16034, at 9, citing State v. Arthur (1975), 42 Ohio St.2d 67, 68.
In the instant case, the merchandise included a prepaid cellular phone, two phone cards, and a cellular phone case from Staples; numerous articles of clothing from Dick's Sporting Goods; and alcohol, clothing, a duffel bag, two compact disc recorders, and various compact discs from Kmart. The period of time between the fraudulent purchases and the recovery of the merchandise was only a few hours.
No innocent explanation was offered for Appellant's possession of the merchandise, all of which was obtained through the use of counterfeit checks. On the contrary, Officer Simone testified that Ms. Pucci admitted during their encounter that the identification and the checkbook were not hers, that somebody had given them to her, and that "her reason for being there was to pass the checks." In addition to the stolen merchandise, a "planner" belonging to Appellant was found in the trunk of the vehicle that contained a social security card and an Ohio identification card bearing Appellant's name. Also inside Appellant's planner was an article clipped from a newspaper that chronicled the indictment of fifteen individuals in Cuyahoga County for passing counterfeit checks between October 1998 and January 2000.
In light of all of the surrounding circumstances, the jury did not act against the manifest weight of the evidence in finding that Appellant knew or had reasonable cause to believe that the merchandise in the trunk was stolen. Consequently, Appellant's assertion that the state did not produce sufficient evidence to support a conviction is also without merit. See Roberts, supra, at 3. Appellant's third assignment of error is not well taken.
 Assignment of Error Number One "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION IN LIMINE AND ALLOWING INTO EVIDENCE THE TESTIMONY OF GRETCHEN COSTELLO AND AN UNRELATED NEWSPAPER ARTICLE, BOTH OF WHICH WERE INADMISSIBLE PURSUANT TO EVID.R. 401, EVID.R. 402, EVID.R. 403, EVIC.R. 404(b) [SIC] AND R.C. 2945.59."
In her first assignment of error, Appellant has argued that the trial court erred in admitting into evidence the newspaper article describing incidents of counterfeit checks being cashed in Cuyahoga County. Appellant has also contended that the trial court erred in refusing to exclude the testimony of Gretchen Costello, a security guard from a Kaufman's store who testified about a prior incident of Appellant's involvement in passing counterfeit checks. Appellant has maintained that both the newspaper article and Ms. Costello's testimony were inadmissible pursuant to Evid.R. 401, Evid.R. 402, Evid.R. 403, Evid.R. 404(B), and R.C. 2945.59.
"`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible, unless otherwise excluded by law. Evid.R. 402. However, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). "A trial court enjoys broad discretion in admitting evidence. [An appellate] court will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice." State v. Long (1978), 53 Ohio St.2d 91, 98. "[T]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."State v. Lowe (1994), 69 Ohio St.3d 527, 532, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 The Newspaper Article
Appellant has first contended that the trial court erred in refusing to exclude a newspaper article describing the indictment of numerous individuals in Cuyahoga County for passing counterfeit checks. Appellant has argued that the article is irrelevant because it describes the passing of bad checks from 1998 to 2000, and does not name Appellant or any other individuals who would otherwise be mentioned in Appellant's trial. Appellant has also argued that even if relevant, the article is inadmissible pursuant to Evid.R. 403(A) because it would confuse the issues and mislead the jury as to the charges against Appellant and her involvement in the case referred to in the article.
The newspaper article at issue described the indictment of fifteen individuals in Cuyahoga County after police broke up a counterfeit check passing ring. The article was found in Appellant's planner, in the trunk of the car that also contained the merchandise from three different stores using counterfeit checks. Both the location where it was found and its subject matter made the article relevant in that it shows Appellant had some interest in organized counterfeit check passing schemes.
Moreover, there is no indication in the record that the article either confused the jury as to the issues in the trial or misled the jury as to the charges against Appellant or her involvement in the events described in the article. The only testimony regarding the article was from Officer Simone, who stated that it was found in Appellant's planner in the trunk of the vehicle and described it as a "newspaper clipping of an article of some subjects that were passing ___ writing fake checks." Officer Simone also read the headline of the article, stating "[t]he headline is 15 charged with writing fake checks." A copy of the article was admitted into evidence, and the jury could thus determine from the article itself that Appellant was not implicated in any of the events described therein.
 Ms. Costello's Testimony
Appellant has also argued that the trial court improperly admitted the testimony of Gretchen Costello, a security guard at a Kaufman's store, who testified to events that occurred approximately six weeks before the incident for which Appellant was convicted. Ms. Costello testified that on August 6, 2001, she observed Appellant meet in the parking lot a customer from Kaufman's who had just purchased merchandise with a check. Previous testimony from the senior auditor of the credit union on which the check was drawn established that the check was fraudulent. Ms. Costello testified that the customer handed Appellant the bag of merchandise in the parking lot, and Appellant placed it in the trunk of a car.
Appellant has first contended that Ms. Costello's testimony was irrelevant to the issues at her trial. Appellant has averred that she was not charged with any criminal activity arising out of the incident observed by Ms. Costello at Kaufman's, and that the incident took place a full month prior to the events that form the basis of her convictions.
Ms. Costello described activity by Appellant that was virtually identical to the conduct that formed the basis for Appellant's convictions in the instant case. According to Ms. Costello, Appellant met a customer in the parking lot who had just passed a counterfeit check in the department store, took the merchandise from the customer, and placed it in the trunk of a car. At a minimum, this testimony was relevant to negate the inference that Appellant was a victim of circumstance who happened to be in the "wrong place at the wrong time" when she received more stolen property on September 15, 2001. Under the broad definition of relevance contained in Evid.R. 401, therefore, we cannot conclude that the trial court abused its discretion in refusing to exclude Ms. Costello's testimony as irrelevant.
Appellant has also argued that the trial court erred in refusing to exclude Ms. Costello's testimony on the basis that it was evidence of "other crimes, wrongs, or acts" of Appellant that was inadmissible pursuant to Evid.R. 404(B). Evidence of prior criminal acts which are wholly independent of the crime for which a defendant is on trial are generally inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496,497. Evid.R. 404(B) provides:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
Similarly, R.C. 2945.59 codifies the exceptions to the admissibility of "other acts" evidence:
 "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." R.C. 2945.59.
"Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." State v. Broom (1988),40 Ohio St.3d 277, paragraph one of the syllabus, certiorari denied (1989), 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653. Evidence of other acts by a defendant are only admissible when they tend to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question. State v. Burson (1974), 38 Ohio St.2d 157, 158.
The trial court allowed Ms. Costello to testify on the basis that her proposed testimony tended to show a "scheme or plan" of behavior by Appellant, and was therefore admissible under Evid.R. 404(B) as an exception to the general inadmissibility of "other acts" evidence. The Ohio Supreme Court has held that "scheme, plan, or system" evidence is relevant in two general factual scenarios:
 "First, those situations in which the `other acts' form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of `scheme, plan or system' evidence, the `other acts' testimony must concern events which are inextricably related to the alleged criminal act." State v. Curry (1975), 43 Ohio St.2d 66, 73.
The second factual situation in which "scheme, plan, or system" evidence is admissible is when the identity of the perpetrator of the crime charged is at issue. Id. "One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes." Id.
In the instant case, the events about which Ms. Costello testified took place approximately six weeks prior to the incidents that formed the basis for Appellant's indictments. The events took place in another location, and no criminal charges were filed against Appellant as a result of them. In short, Ms. Costello testified to events that are not "inextricably related" to the crimes charged, but are "chronologically and factually separate occurrences." Id. Nor was the identity of the perpetrator a material issue in the case at bar. Appellant did not present an alibi defense, and the testimony of Mr. Kallio and Officer Simone that Appellant was in the parking lot outside Kmart and placed merchandise in the trunk of a car on September 15, 2001, was uncontradicted. Accordingly, Ms. Costello's testimony was not admissible under the "scheme, plan, or system" exception.
While Ms. Costello's testimony was improperly admitted pursuant to Evid.R. 404(B) and R.C. 2945.59, this Court finds that its admission was harmless error. Pursuant to Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In order to hold error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 24,87 S.Ct. 824, 17 L.Ed.2d 705; State v. Lytle (1976), 48 Ohio St.2d 391,403, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135,57 L.Ed.2d 1154. A reviewing court may overlook an error where the admissible evidence comprises "overwhelming" proof of a defendant's guilt. State v. Williams (1983), 6 Ohio St.3d 281, 290, certiorari denied (1983), 464 U.S. 1020, 104 S.Ct. 554, 78 L.Ed.2d 727. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown (1992), 65 Ohio St.3d 483, 485.
In the instant case, there was overwhelming proof of Appellant's guilt notwithstanding the admission of Ms. Costello's testimony. Representatives from Staples, Dick's Sporting Goods, and Kmart testified at trial and identified the checks used in their respective stores to fraudulently purchase the merchandise. A senior auditor from the financial institution on which the checks were drawn also testified, and identified each of the checks used to purchase the goods as counterfeit. Both Officer Simone and Mr. Kallio testified that they personally witnessed Appellant exit the car, open the trunk, and assist Ms. Pucci in loading the Kmart merchandise. Officer Simone testified that Ms. Pucci admitted that the checks and identification were not her own, and that her purpose was to "pass the checks." All of the merchandise recovered from the trunk was obtained with the use of counterfeit checks. In addition to the stolen merchandise, the trunk of the car contained Appellant's planner, which in turn contained Appellant's identification and a newspaper article about counterfeit check passing in Cuyahoga County. Finally, the trial court instructed the jury that it was limited to considering the "other acts" evidence "for the purpose of deciding whether it proves the absence of mistake or the Defendant's preparation or plan to commit the offense charged in the trial." The court further stated "you may not consider it to prove the character of the Defendant in order to show that she acted in conformity with that character."
In light of the overwhelming evidence against Appellant and the limiting instruction given to the jury, we find that there was no reasonable possibility that Ms. Costello's testimony about the incident in the Kaufman's parking lot contributed to Appellant's conviction. Appellant's first assignment of error is without merit.
 Assignment of Error Number Two "[APPELLANT] WAS NOT AFFORDED THE RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, BECAUSE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE ADMITTANCE OF AN IRRELEVANT AND PREJUDICIAL NEWSPAPER ARTICLE WHICH WAS RETRIEVED BY THE POLICE IN AN IMPROPER INVENTORY SEARCH."
In her second assignment of error, Appellant has argued that herSixth Amendment right to the effective assistance of trial counsel was violated by counsel's failure to file a motion to suppress the newspaper article found in her planner. Appellant has argued that the inventory search of the vehicle during which the article was discovered exceeded the scope of the Copley Police Department's policy regarding the opening of closed containers such as planners or books.
A two-pronged test must be satisfied to determine that the right to effective assistance of counsel has been violated:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693.
Defendant's demonstration of prejudice requires proof that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 16, 111 L.Ed.2d 830. This Court must also consider "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The burden of proof is borne by the defendant, and he must overcome the strong presumption of the adequacy of counsel's performance and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100.
The Sixth Amendment does not require defense counsel to file a motion to suppress in every case. State v. Madrigal (2000), 87 Ohio St.3d 378,389, certiorari denied (2000), 531 U.S. 838, 121 S.Ct. 99,148 L.Ed.2d 58. However, the failure to file a motion to suppress which possibly could have been granted and implicated matters critical to the defense can constitute ineffective assistance of counsel, if such failure prejudices the defendant. State v. Garrett (1991), 76 Ohio App.3d 57, 63. The party asserting such a claim must demonstrate that the failure to file a motion to suppress caused him prejudice. State v. Lester (1998),126 Ohio App.3d 1, 6. "Where the record contains no evidence which would justify the filing of a motion to suppress, the [defendant] has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Gibson (1980), 69 Ohio App.2d 91,95.
Appellant has argued that defense counsel's failure to file a motion to suppress the newspaper article found in her planner constitutes ineffective assistance of counsel. Appellant has contended that if counsel had filed such a motion, the article would have been suppressed because the Copley Police Department did not have an articulated policy with respect to the opening of closed containers during inventory searches. See State v. Hathman (1992), 65 Ohio St.3d 403, 407.
However, the record does not support Appellant's contention that her defense was prejudiced by the failure to file a motion to suppress on this basis. The only testimony with respect to the inventory search was by Officer Simone. Appellant has conceded that "the officer testified in trial that his police department does have a policy requiring the opening of all boxes, [but] he did not articulate a policy in trial about the opening of other items such as planners or books." Assuming arguendo that the police department's policy regarding inventory searches required the opening and inventorying of contents in boxes but not planners, there is no evidence in the record that Appellant's planner constituted such a "closed container." There was no testimony that the planner was closed, zippered shut, locked, or its contents secreted in any manner.
The overwhelming evidence against Appellant was the witness testimony of the three store representatives and Officer Simone, the admission of Ms. Pucci, and the merchandise found in the trunk of the vehicle. While the article was relevant, we cannot say that the outcome of the trial would have been different but for its admission. Accordingly, Appellant's second assignment of error is without merit.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BATCHELDER, J. CONCURS, SLABY, P.J., CONCURS IN JUDGMENT ONLY.
[1] Appellant has not contested on appeal that the property from Kmart, Staples, and Dick's Sporting Goods found in the trunk of the automobile was obtained through the commission of theft offenses.