66

THE STATE OF OHIO, APPELLANT, *v.* CURRY, APPELLEE.

(No. 74-347—Decided July 2, 1975.)

67

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Robert A. Ruggeri,* for appellant.

*Mr. Sidney R. Davis,* for appellee.

O'NEILL, C. J. During appellee's trial, the trial judge admitted, over appellee's objection, evidence that on December 22, 1972, appellee molested an eleven-year-old girl. In admitting such evidence, the trial judge purported to rely on R. C. 2945.59. The admission of this evidence formed the basis for appellee's sole assignment of error in the Court of Appeals. That court held that the evidence was both inadmissible and highly prejudicial to appellee's case, and therefore its admission warranted a reversal and remand. This court agrees with the Court of Appeals, and hence affirms its judgment.

A hallmark of the American criminal justice system is the principle that proof that the accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime. 1 Underhill's Criminal Evidence (6 Ed.), 595, Section 205. Although such evidence may, in some cases, logically tend to establish that a criminal defendant committed the act for which he stands accused, the evidence is considered legally irrelevant for the reasons enumerated in *Whitty* v. *State* (1967), 34 Wis. 2d 278, 292, 149 N. W. 2d 557:

" * * * (1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge but because he has escaped punishment from other offenses; (3) the injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the confusion of issues which might result from bringing in evidence of other crimes."

Therefore, evidence which tends to show that an accused has committed another crime wholly independent of the offense for which he is on trial is generally inadmis-

sible. *State* v. *Burson* (1974), 38 Ohio St. 2d 157, 311 N. E. 2d 526; *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 249 N. E. 2d 912; *Whiteman* v. *State* (1928), 119 Ohio St. 285, 164 N. E. 51; 1 Underhill's Criminal Evidence, *supra;* 1 Wharton's Criminal Evidence (13 Ed.) 528, Section 240.

As is the case with most general rules, the rule denying admissibility of evidence of other crimes is subject to certain exceptions. The only exceptions relevant in the present case are those codified in R. C. 2945.59:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

In discussing the application of R. C. 2945.59, this court noted, in *State* v. *Burson, supra* (38 Ohio St. 2d 157), at page 158, that " * * * evidence of other acts of a defendant is admissible *only* when it 'tends to show' one of the matters enumerated in the statute and *only* when it is relevant to proof of the guilt of the defendant of the offense in question."

The matters enumerated in R. C. 2945.59 are the defendant's motive, intent, absence of mistake or accident and scheme, plan or system in allegedly doing the act which forms the factual basis of the crime for which he is on trial.

The present appeal involves appellee's trial on an indictment for statutory rape. In 1972, Ohio's statutory rape statute was R. C. 2905.03, the first paragraph of which provided:

"No person eighteen years of age or over shall carnally know and abuse a female person under the age of sixteen years with her consent."

In paragraph one of the syllabus of *State* v. *Daniels*

(1959), 169 Ohio St. 87, 157 N. E. 2d 736, this court held:

"Consent of the victim is not an essential element of the crime of statutory rape specified in Section 2905.03, Revised Code * * *."

Hence, there are three elements to the crime of statutory rape: (1) the defendant must have been 18 years of age or older at the time of the alleged offense; (2) the defendant must have had intercourse with the prosecuting witness; and, (3) the prosecuting witness must have been under the age of 16 at the time of the alleged offense.

The trial judge charged the jury on, and the jury convicted appellee of, the lesser included offense of attempted statutory rape, a violation of R. C. 2905.04. The elements of this crime are substantially identical to the elements of statutory rape, with the one obvious exception that the prosecution need only show that the defendant attempted to have sexual intercourse with the prosecuting witness.

In the instant case, the age elements of statutory rape and attempted statutory rape were indisputably proved at trial.

The only questions at issue, therefore, were whether appellee had or attempted to have sexual intercourse with Marie on the morning of July 8, 1972. Recognizing that these integrally related questions were the only material elements in dispute, it is necessary to determine whether any of the matters enumerated in R. C. 2945.59 (motive, intent, absence of mistake or accident, or scheme, plan or method of doing an act) were relevant at appellee's trial, and, if so, whether the prosecution's "other acts" testimony tended to prove that relevant enumerated matter.

"Motive" has been defined by this court as " * * * a mental state which induces an act." *Shelton* v. *State* (1922), 106 Ohio St. 243, 248, 140 N. E. 153. Another court has described it as "* * * the moving power which impels * * * action for a definite result." *People* v. *Molineux* (1901), 168 N. Y. 264, 297, 61 N. E. 286. Since it is assumed that human conduct is prompted by a desire to achieve a specific result, the question of motive is generally relevant in

all criminal trials, even though the prosecution need not prove motive in order to secure a conviction. See *Fabian* v. *State* (1918), 97 Ohio St. 184, 119 N. E. 410. However, the motive for the alleged crimes involved in the present case are apparent. A person commits or attempts to commit statutory rape for the obvious motive of sexual gratification. Since motive can not be deemed to have been a material issue at appellee's trial, "other acts" testimony was not admissible to prove this matter.

A defendant's intent for allegedly doing the act which forms the factual basis for the criminal charge brought against him is a material element of the offense only if the statute defining the offense requires a particular intent. If the statute is silent on the question of intent, intent is not an element of the crime. *State* v. *Healy* (1951), 156 Ohio St. 229, 102 N. E. 2d 233; *State* v. *Huffman* (1936), 131 Ohio St. 27, 1 N. E. 2d 313. R. C. 2905.03 did not require a specific intent, and, hence, intent was not a material element of the crime of statutory rape. *Zent* v. *State* (1914), 3 Ohio App. 473. Therefore, the "other acts" testimony was not admissible as proof of appellee's intent to commit statutory rape.

The lesser included offense of attempted statutory rape contains an intent element. Action is not criminally punishable as an attempt to commit a particular crime unless the the accused had the intent to commit that crime. To convict appellee of attempted statutory rape, the prosecution was required to prove that appellee undertook some overt action toward Marie with the intent of having intercourse with her.

However, the prosecution's "other acts" testimony did not tend to prove the intent element of attempted statutory rape. This testimony disclosed that on December 22, 1972, 11-year-old Chrissie H., her two sisters and brother and her mother were visiting Marie Cooper and her two children at the latter's residence. At approximately 8 p. m., Chrissie's mother and Mrs. Cooper left to visit a friend at a nearby hospital. Chrissie was left in charge

of the other children. Soon after the two adults left, appellee, who was a friend of Mrs. Cooper, arrived at the residence. After playing with the other children for a short period, appellee allegedly pulled Chrissie into a bedroom, turned off the lights, attempted to kiss her and actually did touch her on the breast. There was no testimony of further physical contact.

Appellee denied participation in the alleged incident. However, even assuming the truthfulness of the prosecution's "other acts" testimony, the reprehensible and criminally punishable* conduct of appellee toward Chrissie does not tend to prove that on July 8, 1972, he intended to have intercourse with Marie. The testimony did not show that appellee intended to have intercourse with Chrissie. and, therefore, it had no relevance on the issue of appellee's intent to have intercourse with Marie.

Introduction of the "other acts" testimony clearly can not be justified on the basis that it tended to prove absence of mistake or accident on the part of appellee in having or attempting to have sexual intercourse with Marie. Absence of mistake or accident was never an issue at appellee's trial.

Finally, introduction of the "other acts" testimony can not properly rest upon that part of R. C. 2945.59 which allows such testimony when appellee's scheme, plan or

---

*At the time of the alleged incident involving Chrissie, R. C. 2903.01 provided:

"No person over the age of eighteen years shall assault a child under the age of sixteen years, and wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or willfully make improper exposures of his person in the presence of such child.

"Whoever violates this section is guilty of felonious assault and shall be fined not less than five hundred nor more than five thousand dollars or imprisoned not less than one nor more than ten years, or both."

Nothing in the record indicates that appellee was charged with or convicted of violating this or any other statute as a result of the alleged December 22, 1972, incident.

system in doing an act is relevant at the criminal trial. "Scheme, plan or system" evidence is relevant in two general factual situations. First, those situations in which the "other acts" form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of "scheme, plan or system" evidence, the "other acts" testimony must concern events which are inextricably related to the alleged criminal act. The July 8, 1972, incident and the December 22, 1972, incident are not so related; they are chronologically and factually separate occurrences.

Identity of the perpetrator of a crime is the second factual situation in which "scheme, plan or system" evidence is admissible. One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes. *Whiteman* v. *State, supra* (119 Ohio St. 285); *Barnett* v. *State* (1922), 104 Ohio St. 298, 135 N. E. 647.

In the present appeal, identity was not a material issue. Appellee testified that he drove Marie home on the date in question. Appellee did, however, deny any sexual contact with her. This denial did not raise an identity question; it created, instead a factual dispute revolving around appellee's conduct with Marie during the trip between the Dotts' residence and Marie's home.

It is clear to this court that the testimony concerning the alleged incident on December 22, 1972, was not admitted to prove any of the matters enumerated in R. C. 2945.59, but was admitted to prove that appellee had or attempted to have intercourse with Marie on July 8, 1972. That is, the testimony was admitted solely to show that appellee

committed the very act alleged in the indictment. Paragraph two of the syllabus in *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, 285 N. E. 2d 726, expressly prohibits such a use of "other acts" testimony:

"Where evidence has been admitted for a limited purpose, which the state claims shows that the defendant did certain 'other acts' which show the motive or intent of the accused or absence of mistake or accident on his part or the defendant's scheme, plan or system in doing the act alleged in the indictment, such evidence must not be considered by the jury as any proof whatsoever that the accused did any act alleged in the indictment."

The admission of the "other acts" testimony constituted prejudicial error, and, hence, appellee is entitled to a new trial.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.