OPINION
Defendant John Musgrave appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him on four counts of gross sexual imposition in violation of R.C.2907.05, after a jury found him guilty. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. I.
 APPELLANT WAS DENIED HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW BY THE TRIAL COURT'S FAILURE TO GRANT HIM A SEPARATE TRIAL ON EACH COUNT OF THE INDICTMENT WHERE THE EVIDENCE WAS NOT SIMPLE AND DIRECT AND THE OTHER ACTS WOULD NOT BE ADMISSIBLE IN EACH TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. II.
 THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S NONFLAGRANT IMPROPERLY IMPLIED THAT THE DEFENSE EXPERT WAS DISHONEST, THAT THE ACCUSED HAD A BURDEN TO PROVE HIS INNOCENCE AND THAT THE PRESUMPTION OF INNOCENCE DID NOT CONTINUE DURING THE JURY'S DELIBERATIONS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. III.
 THE APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO RAISE AND/OR PRESERVE THE ERRORS LISTED IN ASSIGNMENTS OF ERRORS ONE AND TWO, SUPRA, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. IV.
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. V.
 APPLICATION OF THE SO-CALLED SEX OFFENDER REGISTRATION ACT, R.C. 2950.01 THROUGH 2950.14, TO MR. MUSGRAVE'S CASE VIOLATES PROHIBITION AGAINST PASSAGE OF EX POST FACTO LAWS PROVIDED IN ARTICLE I, SECTION 9 OF THE UNITED STATES CONSTITUTION.
The record indicates appellant and his family spent summer weekends at a camping resort in Marlboro Township, Stark County, Ohio. Appellant had numerous children visiting his camper on a regular basis, both during the day and at night. Some of the children were invited to sleep in appellant's bedroom while his wife slept in a separate room. Appellant also volunteered in numerous activities involving children. Appellant was accused of sexually abusing four children on several occasions.
In his defense, appellant presented the testimony of his wife and daughter, who acknowledged the children would regularly visit them at the residence and at the camper. Neither had observed appellant acting inappropriately with children. Appellant also presented testimony of his doctor who testified regarding various diseases from which appellant suffered.
 I
In his first assignment of error, appellant asserts the trial court erred in overruling his motion to sever the case into four separate trials, each dealing with a separate count of the indictment. Appellant urges he was prejudiced by the failure to sever because the jury cumulated the evidence in determining his guilt.
Joinders are governed by Crim.R 8, which provides offenses may be joined if they are of the same or similar character, are based on the same act or transaction, or are based on two or more acts or transactions connected together or part of a common scheme or course of criminal conduct. Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminishing inconvenience to witnesses, see State v. Torres (1981), 66 Ohio St.2d 340 at 343. Because these offenses are of the same or similar character, they were properly joined.
If similar offenses are properly joined pursuant to Crim.R 8 (A), the accused can still move to sever the charges pursuant to Crim.R 14. In a motion to sever, the burden is on the defendant to demonstrate his rights would be prejudiced by the joinder, seeState v. Strobel (1988), 51 Ohio App.3d 31. To prevail on a claim a trial court erred in denying a motion to sever, the defendant has the burden of demonstrating: 1) his rights were actually prejudiced; 2) at the time of the motion to sever, the defendant provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the potential prejudice the defendant's right to a fair trial; and 3) given the information provided to the court, the court abused its discretion in refusing to sever the charges, Torres, supra,syllabus by the Court; State v. Schaim (1992), 65 Ohio St.3d 51.
The State points out appellant moved to sever prior to trial, and did not renew the motion at the close of the State's case and at the conclusion of all evidence. Some Ohio courts have held a failure to renew the motion to sever constitutes a waiver,Strobel, supra, at 33; State v. Owens (1975),51 Ohio App.2d 132. However, we prefer to address this claim on its merits.
Applying the test enunciated in Schaim, supra, we find appellant has not met his burden of demonstrating abuse of discretion.
In his motion to sever, filed January 3, 1997, the appellant asserted the witnesses who would testify in the joined indictment would testify to facts distinct and dissimilar in time. Appellant urged if the counts were joined, there would be a substantial danger the jury would convict him solely because it assumed appellant had a propensity to commit criminal acts or deserved punishment, regardless of whether appellant committed the crime charged in the indictment, see State v. Curry (1975),43 Ohio St.2d 66. Appellant urged the trial court to sever the counts because the State was attempting to accumulate evidence on charges that individually were supported by only weak evidence. He urged evidence in each count would not be relevant to any material issue in any other count, and for this reason it would be prejudicial not to sever the charges in this case.
The State argues the evidence presented at trial clearly demonstrated appellant's common scheme or plan. The State argues appellant used the same method of attracting his victims by establishing friendships with the children through his volunteer work and by showing an interest in topics interesting to children. All criminal acts occurred at the same location and occurred within a one-year time frame. Three of the four victims were of similar age and the criminal acts performed on all the victims were very similar.
Evid.R. 404(B) permits evidence of other crimes, wrongs or acts to be admitted if the evidence shows proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Rule precludes admission of evidence of other crimes, wrongs or other acts merely to prove the character of a person in order to show the person acted in conformity with the character on a given occasion.
R.C. 2945.59 is similar, and provides if the defendant's motive or intent, the absence of mistake or accident, or scheme, plan, or system of doing an act is material, then any acts of the defendant tending to show those things are admissible, regardless of whether the evidence may show or tend to show the commission of another crime by the defendant.
Appellant's defense was simply, that none of the acts occurred and the four children who testified were not credible. Appellant attempted to show he was neither physically nor emotionally able to commit the acts.
We have reviewed the record on appeal, and we find appellant has not demonstrated the court abused its discretion in refusing to sever the charges for trial.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges he was denied his right to due process of law and a fair trial because of prosecutorial misconduct. The acts of the prosecutor of which appellant complains occurred during closing argument. Appellant asserts during closing argument, the prosecutor suggested to the jury appellant's witness Dr. Ferreri was dishonest and tailored his testimony to suit the needs of the defense. Appellant urges the prosecutor also attempted to shift the burden of proof to the appellant by suggesting the presumption of innocence ended after the completion of evidence and before the jury began deliberations. Finally, appellant urges the prosecutor suggested there were more victims who had not come forward for whom appellant should be punished or not returned the community.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant, see State v.Lott (1990), 51 Ohio St.3d 160. Both parties are afforded a certain degree of latitude in closing argument, State v. Keenan
(1993), 66 Ohio St.3d 402. In ruling on an objection to a prosecutor's comments, the question of the propriety of the argument is generally directed to the sound discretion of the trial court, see State v. Loza (1994), 71 Ohio St.3d 61. Here, the record fails to demonstrate appellant ever objected to the prosecutor's remarks regarding the physician's testimony. The prosecutor characterized the doctor's testimony as containing "silly excuses" and characterized the testimony as "particularly insulting". The prosecutor also reminded the jury the doctor not only did not give expert opinions, but in fact acknowledged he was not qualified to make certain medical judgments.
We find the prosecutor's remarks regarding Dr. Ferreri were within the scope of final argument.
Regarding the allegation the prosecutor attempted to shift the burden of proof to appellant and inappropriately commented on the presumption of innocence, these alleged incidents of misconduct occurred during the prosecutor's rebuttal. The prosecutor explicitly informed the jury he was not trying to shift the burden of proof to the defendant. Instead, the prosecutor urged the State had met its burden of proof because defense counsel was unable to challenge the weight of the State's evidence. Defense counsel objected and the court sustained the objection and cautioned the prosecutor.
The prosecutor also informed the jury on rebuttal the defendant was entitled to the presumption of innocence, but because the presentation of evidence was then over, the presumption of innocence was no longer necessary. Defense counsel did not object to this statement.
The trial court instructed the jury prior to closing arguments neither the prosecutor's nor the defense counsel's statements constituted evidence. The court reminded the jury prior to closing arguments that the defendant is presumed innocent until guilt is established, and this meant an acquittal is required unless the State convinces the jury beyond a reasonable doubt on every essential element of the offense charged. After closing arguments, the court again reminded the jurors of their duty to weigh the evidence as objectively as possible.
We find the prosecutor did not commit any misconduct regarding his discussion of the presumption of innocence and the burden of proof, given the trial court's handling these issues.
Finally, the prosecutor did indeed suggest there could be more victims in the case. In closing argument, the prosecutor picked up on a statement by one of the defendant's witnesses, appellant's wife. Appellant's wife testified at both the camper and the parties' home, there was "a steady steam of children". Unfortunately, the prosecutor enlarged on her comment by saying there were several children, not just the ones brought in to testify. Defense counsel did not object at this point, but when the prosecutor apparently showed a picture of the defendant with a number of children and asked "how many more victims are in that picture" the court sustained counsel's objection and instructed the jury to disregard it.
We find the prosecutor exceeded the bounds of proper closing argument in making this argument to the jury. However, we also find appellant has failed to demonstrate how this misconduct prejudicially affected his substantial rights. Given the overwhelming evidence against appellant, this court cannot find this single instance of improper remark, corrected by the trial court, so prejudicial as to affect appellant's substantial rights.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues he was deprived of the effective assistance of counsel. In Strickland v.Washington (1984), 466 U.S. 668, the United States Supreme Court articulated a two-prong test for reviewing claims of ineffective assistance of counsel. In order to prevail, the accused must show first there was a substantial violation of counsel's essential duty to his client, and secondly, the accused must show he was actually prejudiced as a result of this violation. Ohio uses theStrickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
The errors of which appellant complains are those set forth in I and II, supra. Because we find no error, it follows counsel did not perform ineffectively in those portions of the trial. We conclude appellant has failed to demonstrate either ineffective assistance of counsel, or prejudice.
The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the jury's verdict was against the manifest weight and sufficiency of the evidence. Appellant urges the testimony of all four victims was contradictory and not credible, while appellant's testimony demonstrated appellant was physically and emotionally incapable of performing the acts alleged.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court commented on the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law,Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence because the weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted. In other words, sufficiency of the evidence is a question the trial court rules on as a matter of law in determining whether the matter is appropriate for the jury to review. Weight of the evidence refers to the process whereby the jury determines the credibility and weight of the evidence and ". . . its effect in inducing belief . . . ." Id.
We have reviewed the record, and we find the evidence presented by the State was sufficient as a matter of law to permit to submit the case to the jury for final resolution. We further find the jury's verdict is supported by the manifest weight of the evidence, such that the jury could reasonably conclude the State had met its burden of proof on each essential element of the crimes charged.
The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant urges R.C. 2950.01
through R.C. 2950.14 are unconstitutional as applied to appellant, because they constitute ex post facto laws prohibited by Article I, Section 9 of the United States Constitution.
In State v. Cook (1998), ___ Ohio St.3d ___, announced September 30, 1998, the Ohio Supreme Court held:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the ex post facto clause of Section 10, Article I of the United States Constitution.
 Syllabus by the court, paragraph two.
The Ohio Supreme Court held the requirements of the statute are de minimis procedural requirements necessary to meet the statute's goals. The court found them remedial in nature.
On authority of Cook, supra, the fifth assignment of error is overruled.
For the forgoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.