OPINION
{¶ 1} Defendant-appellant, David Anthony Dinozzi, appeals his convictions in the Clermont County Court of Common Pleas for aggravated trafficking and tampering with evidence. We affirm the convictions for the reasons outlined below.
 {¶ 2} Appellant was a dentist practicing in Clermont County in April 2000 when he visited a nightclub and met Rachael McDonald, an exotic dancer at the club. On or about the evening of April 4, 2000, McDonald learned that appellant was a dentist and complained that she was having pain from a root canal and abscess. Appellant offered to treat McDonald. Appellant also asked McDonald to dinner for the next evening.
 {¶ 3} Before they met on the evening of April 5, appellant wrote a prescription for Percocet for McDonald and left it at a CVS pharmacy to be filled. Appellant used a prescription form from the dental clinic where he worked, but crossed out the clinic's phone number and inserted his cell phone number. Appellant also provided his address when the CVS pharmacist asked him to include the patient's address on the prescription.
 {¶ 4} When appellant met McDonald for dinner, appellant told McDonald to pick up the prescription. Appellant also gave her the money to pay for the prescription. McDonald testified that she did not know appellant would be writing a prescription for her and did not know what drug was involved. The CVS pharmacist refused to fill the prescription, stating that he no longer carried the name-brand drug. Appellant had written on the prescription: "brand medically necessary."
 {¶ 5} Appellant told McDonald to take the prescription to a nearby Kroger pharmacy. The Kroger pharmacist used the cell phone number appellant provided to question appellant about the prescription. Appellant confirmed over the phone that the prescription should be filled.
 {¶ 6} After appellant and McDonald had dinner together, McDonald picked up the filled prescription for 28 Percocet pills from Kroger. Once inside appellant's car, McDonald testified that appellant asked for approximately ten of the pills from the container. McDonald protested, but eventually gave appellant four or five of the Percocet.
 {¶ 7} McDonald testified that she and appellant went to his apartment, where appellant examined her mouth for the first time and told her to make an appointment at the dental clinic. After the couple shared a kiss, McDonald indicated that she did not want the encounter to progress any further and returned home. McDonald indicated that she eventually discarded the remaining Percocet after taking one pill.
 {¶ 8} The CVS pharmacist subsequently notified Union Township Police about his suspicions about the prescription. In response, Detective John Lucas contacted appellant. Appellant indicated that McDonald was his patient and agreed to fax Detective Lucas proof. Appellant faxed Detective Lucas pages labeled as McDonald's patient file. Appellant talked with police that same day and admitted that he created the patient file that day.
 {¶ 9} Appellant was indicted and eventually convicted in a trial to the bench of aggravated trafficking in drugs and tampering with evidence. Appellant appeals his convictions, setting forth four assignments of error.
Assignment of Error No. 1
 {¶ 10} "The trial court erred to the prejudice of appellant's right to due process of law under the fourteenth amendment and the Ohio Constitution in admitting, over objection, evidence of purported other "similar" allegedly bad acts purportedly committed by appellant."
 {¶ 11} Appellant argues that evidence admitted concerning "other bad acts" did not fall within the parameters of permitted evidence under either Evid.R. 404(B) or R.C. 2945.59.
 {¶ 12} Evid.R. 404(B) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 13} Similarly, R.C. 2945.59 provides that evidence of other acts may be admissible "[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 14} It is well-established that evidentiary rulings are within the trial court's broad discretion and will be the basis for reversal only on an abuse of discretion that amounts to prejudicial error. Statev. Noling, 98 Ohio St.3d 44, 52, 2002-Ohio-7044. Error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected. Evid.R. 103.
 {¶ 15} The "other act" evidence admitted in the instant case was testimony that appellant had admitted to Pennsylvania investigators in the late 1990s that he wrote prescriptions to friends and others for Percocet and other painkillers and took some of the pills from the filled prescriptions to medicate himself. A former girlfriend of appellant also testified that several years ago appellant filled a prescription for Percocet for her, gave her a couple of the pills, and kept the remaining pills for himself.
 {¶ 16} After reviewing the other acts evidence admitted, we disagree with appellant's assertions that the other act evidence did not meet any of the permitted purposes. The evidence was relevant to provide motive.
 {¶ 17} As noted by the Ohio Supreme Court, since it is assumed that human conduct is prompted by a desire to achieve a specific result, the question of motive is generally relevant in all criminal trials, even though the prosecution need not prove motive in order to secure a conviction. State v. Curry (1975), 43 Ohio St.2d 66, 70-71.
 {¶ 18} The motive behind appellant's actions in writing and paying for a prescription for Percocet for an individual he recently met socially and had never treated, and taking some of the prescription for himself is relevant and admissible to prove that appellant's conduct was prompted by a desire to achieve a specific result. See Curry at 71.
 {¶ 19} Further, the trial court indicated at the conclusion of the case that it could exclude the "other acts" evidence and find sufficient evidence beyond a reasonable doubt that appellant knowingly sold or offered to sell the schedule II drug of Percocet.
 {¶ 20} Therefore, we find that the "other acts" evidence was properly admitted. In addition, the admittance of such evidence was not prejudicial to appellant because the case was tried to the bench and the trial court stated that it could find appellant guilty if the evidence had been excluded. Accordingly, appellant's first assignment of error is overruled.
 {¶ 21} Appellant combines his second, third and fourth assignments of error. We will combine and address the second and fourth assignments first.
Assignment of Error No. 2
 {¶ 22} "The judgments of conviction are contrary to law and to the due process clause of the fourteenth amendment to the constitution of the United States in that there was insufficient evidence adduced to establish each and every element of each offense beyond a reasonable doubt."
Assignment of Error No. 4
 {¶ 23} "The trial court erred to the prejudice of appellant by denying his motions for judgment of acquittal pursuant to Crim. R. 29."
 {¶ 24} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511,525. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 25} First we will address appellant's argument that there was insufficient evidence to sustain his conviction for tampering with evidence.
 {¶ 26} Tampering with evidence under R.C. 2921.12 states, in part, that:
 {¶ 27} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 28} "* * *
 {¶ 29} "(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation."
 {¶ 30} The dental clinic where appellant worked told the investigating officer when he inquired that they had no record of McDonald as a patient. Appellant later created a patient file on McDonald to prove to police that she was a patient. The patient file listed the first day of treatment of McDonald as March 31, 2000. The records stated that on March 31, no x-rays were taken because the patient was not sure whether she was pregnant. The entry also indicated that medication was prescribed on March 31, but there was no testimony that any dentist-patient interaction occurred between appellant and McDonald on that date.
 {¶ 31} The second entry in the patient record indicated that McDonald contacted appellant on April 4 in pain and had requested a prescription and that he had agreed to deliver a prescription for Percocet to CVS.
 {¶ 32} Although appellant used two different colors of ink on the original of the patient record, he admitted to police that he had created the entire record the same day he faxed it to police.
 {¶ 33} There was also evidence from an audiotape from McDonald's answering machine that appellant contacted McDonald and left a message that police were asking about the prescription. Appellant stated on the tape that he told a detective that he had seen McDonald at the clinic the previous week. Appellant asked McDonald to call him because he needed a patient history from her because he was creating a file to fax to the police that day.
 {¶ 34} We find that there was sufficient evidence for the trial court, as trier of fact, to find all the elements of tampering with evidence proven beyond a reasonable doubt.
 {¶ 35} Next, we will address appellant's arguments on the second and fourth assignment of error for the aggravated trafficking conviction.
 {¶ 36} R.C. 2925.03 states that:
 {¶ 37} "(A) No person shall knowingly sell or offer to sell a controlled substance.
 {¶ 38} "(B) This section does not apply to any of the following:
 {¶ 39} "Manufacturers, licensed health professionals authorized to prescribe drugs, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719., 4715., 4729., 4731., and 4741. or section 4723.56 of the Revised Code."
 {¶ 40} R.C. 2925.01(A) states that "sale" has the same meanings as in section 3719.01 of the Revised Code. R.C. 3719.01(AA) defines a "sale" to include: delivery, barter, exchange, transfer, or gift, or offer thereof, and each transaction of those natures made by any person, whether as principal, proprietor, agent, servant, or employee.
 {¶ 41} After reviewing the evidence in this case, we have no problem concluding that a sale took place as contemplated by R.C. 2925.03
and R.C. 3719.01. Under these statutes, a gift is included in the definition of "sale." Appellant, without consideration, wrote the prescription, paid for the drugs and authorized the drugs to be delivered to McDonald, thereby making a gift.
 {¶ 42} Appellant argues that his conduct falls within subsection (B) of R.C. 2925.03, which excludes from prosecution prescription transactions by licensed health professionals authorized to prescribe drugs.
 {¶ 43} There was sufficient evidence for the trier of fact to find that appellant had not written the prescription for the bona fide treatment of McDonald. Appellant provided a gift of the prescription for a controlled substance to an individual he recently met, had never treated or examined, and for whom he created a patient file with false information when police inquired. As the trial court noted in its findings, the fact that appellant asked for and received some of the Percocet for himself was further evidence that the prescription was not written for the bona fide treatment of McDonald.[1]
 {¶ 44} Appellant also alleges under these assignments of error that the state failed to show that the drug involved was Percocet. This argument is without merit.
 {¶ 45} The pharmacist who filled the Percocet prescription testified that she filled a container with Percocet and placed a label to that affect on the container. The pharmacist also testified that Percocet was a schedule II controlled substance. Cf. State v. Mitchell (1969),18 Ohio App.2d 1 (knowledge of pharmacist of contents based on label on container of narcotic could be admitted as business record exception to hearsay or as real evidence where found accurate and trustworthy).
 {¶ 46} Further, there was testimony that appellant, who would be familiar with the drug he prescribed, looked at the filled container in the car and received some of the Percocet from McDonald.
 {¶ 47} We conclude that there was sufficient evidence in the record for the trier of fact to find beyond a reasonable doubt all the elements of aggravated trafficking. Therefore, the trial court did not err as a matter of law in finding appellant guilty of tampering with evidence and aggravated trafficking. R.C. 2921.12; R.C. 2925.03; R.C. Chapter 3719; R.C. Chapter 4715. Appellant's second and fourth assignments of error are overruled.
Assignment of Error No. 3
 {¶ 48} "The judgments of conviction are contrary to the manifest weight of the evidence."
 {¶ 49} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 50} Appellant argues in this assignment of error that McDonald's testimony is not credible because of inconsistencies in that testimony. Specifically, appellant notes that McDonald did not initially mention to police that appellant took four or five of the pills. McDonald also testified at one hearing that appellant asked for the four or five pills at his apartment and she later testified that he asked for them while they were in the car outside of the pharmacy.
 {¶ 51} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230. The trial court determined that McDonald's testimony about the events in question was credible, despite the inconsistencies outlined above.
 {¶ 52} We have previously outlined the evidence presented in this case. After reviewing the entire record, we cannot say that the trial court, as trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] While the trial court may have relied heavily on the fact that appellant took some of the Percocet for himself in convicting appellant of aggravated trafficking, the "sale" took place when appellant wrote and paid for the prescription for McDonald for a purpose other than bona fide treatment. See State v. Barrett, Warren App. No. CA2002-07-069,2003-Ohio-199, at ¶ 9 (reviewing court need not reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof).