OPINION JUDGMENT ENTRY
{¶ 1} Appellant-Defendant Orville Leadingham appeals his conviction and sentence entered in the Stark County Common Pleas Court.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On June 10, 2002, Appellant was indicted on one count of Gross Sexual Imposition, in violation of R.C. 2907.05, a felony of the third degree.
{¶ 4} This charge alleged that Appellant had sexual contact with a young girl named Alyssa, who at the time was under the age of thirteen. This contact is alleged to have occurred while Alyssa was babysitting Appellant's daughter.
{¶ 5} On June 11, 2002, Appellant was arrested.
{¶ 6} On June 14, 2002, Appellant was arraigned and entered a plea of not guilty.
{¶ 7} On October 23, 2002, the State filed a Motion to admit testimony pursuant to R.C. 2907.05(D).
{¶ 8} On October 28, 2002, a hearing was held on said Motion and said motion was granted.
{¶ 9} On May 6, 2003, a jury trial commenced in the matter, concluding on May 8, 2003.
{¶ 10} At trial, Alyssa testified that when she was about ten or twelve, she would baby-sit for Appellant and he would unzip her shorts, unsnap her bra and fondle her breasts and vaginal area. (T. II. at 59, 69, 106).
{¶ 11} In addition to Alyssa's testimony, the State also presented the testimony of two other young girls, each of whom had babysat for Appellant. Courtney testified that Appellant attempted to kiss her when she was approximately twelve years old. (T. at II. at 59). Lindsey testified that Appellant attempted to kiss her when she was about twelve and also talked about sex to her. (T. II. at 70).
{¶ 12} Alyssa's mother and the mother of Courtney and Lindsey also testified that at one time each had had a romantic relationship with Appellant, during which time their daughters would baby sit for him.
{¶ 13} At the close of the State's case, Appellant moved for a mistrial. The trial court denied Appellant's Motion.
{¶ 14} The jury returned a verdict of guilty.
{¶ 15} On May 12, 2003, Appellant was sentenced.
{¶ 16} On June 2, 2003, a House Bill 180 sexual predator hearing was held and Appellant was classified as a Sexually Oriented Offender.
{¶ 17} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 18} "I. The trial court abused its discretion in allowing the State to introduce testimony of other alleged acts by the appellant."
 I
{¶ 19} In his sole assignment of error, Appellant argues that the trial court erred. We disagree.
{¶ 20} The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See State v. Curry (1975),43 Ohio St.2d 66, 68, 72 O.O.2d 37, 38, 330 N.E.2d 720, 723. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature, as is certainly true in this case. The legislature has recognized the problems raised by the admission of other acts evidence in prosecutions for sexual offenses, and has carefully limited the circumstances in which evidence of the defendant's other sexual activity is admissible.
{¶ 21} The legislative statute in a prosecution of sex offenses as it pertains to this analysis is R.C. § 2907.05(D), which states in pertinent part as follows:
{¶ 22} Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
{¶ 23} Revised Code 2945.59 provides for the admissibility of "other acts" as follows:
{¶ 24} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
{¶ 25} From our review of the evidence, the trial court ruled the acts against the three girls were admissible under R.C.2945.59 and Evid.R. 404.
{¶ 26} We do not find that the court abused its discretion in so determining because 1) the acts were all committed against young girls which began when the girls were between the ages of ten and twelve years old, 2) the acts occurred when the children were babysitting at appellant's residence, and 3) appellant had a romantic relationship with the mothers of the victims. These facts clearly indicate a "scheme, plan or system".
{¶ 27} The court inquired of both parties as to whether either wished to have a cautionary or limiting instruction as to the other acts evidence to prevent this evidence from being inappropriately used but both parties rejected same. (T. IV. at 57-78).
{¶ 28} Based on the foregoing we find Appellant's sole assignment of error not well taken and same is overruled.
{¶ 29} The judgment of the Stark County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant.