OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant's conviction on four counts of rape, three counts of gross sexual imposition, and nine counts of sexual battery.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On April 4, 2003, Appellant was indicted by the Licking County Grand Jury on four counts of rape, four counts of complicity to commit rape, four counts of gross sexual imposition, ten counts of sexual and attempted sexual battery.
{¶ 4} These sexual acts were committed against Appellant's then minor children: his son Jamie and his biological daughter Lisa. The acts involving Jamie stopped in 1996 when he turned eighteen and moved out of his father's house. (T. at 159-160). The acts against his biological daughter Lisa occurred during 1990 through 1992, beginning when she was thirteen and ending when she was fifteen. (T. at 91, 94, 95). Lisa was put up for adoption and did not meet Appellant, her biological father, until she was thirteen. (T. at 89-91).
{¶ 5} On December 18-19, 2003, Appellant was tried before a jury.
{¶ 6} At trial the State introduced photographs depicting Lisa or Lisa and Appellant in various stages of undress in sexually provocative poses. Both Lisa and Jamie testified that these pictures were taken during the same time period, if not at the same time, as the sexual abuse took place.
{¶ 7} Prior to the trial, Appellant filed a motion in limine to preclude the introduction and admission of these photographs. The State responded arguing that said photographs were admissible to show Appellant's motive, intent, scheme, or plan in committing sexual abuse against his two children.
{¶ 8} Appellant renewed his objection to the photographs at the conclusion of the State's case in chief. (T. at 287-288). The trial court overruled such objection and admitted the photographs. (T. at 288).
{¶ 9} Also presented at trial was tape-recorded conversation between Appellant and Lisa wherein they discuss the sexual acts that previously had taken place between them and between Appellant and Jamie. Said recording contained graphic detail as well as the ages of the children when said abuse occurred.
{¶ 10} The jury returned guilty verdicts on four counts of rape, four counts of gross sexual imposition and nine counts of sexual battery.
{¶ 11} By Judgment Entry dated February 11, 2004, Appellant was sentenced to a total of sixteen to twenty-five years in prison.
{¶ 12} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR
{¶ 13} "The trial court abused its discretion in admitting certain photographs and testimony about them into evidence that had no connection to the crimes for which appellant james burris (burris) was charged."
 I.
{¶ 14} In his sole assignment of error, Appellant claims that the trial court erred when it permitted the state to introduce evidence of other wrong acts, in contravention of R.C. 2945.59
and Evid. R. 404(B). We disagree.
{¶ 15} Specifically, Appellant argues that the trial court erred when it allowed the sexually explicit photographs of Appellant and his daughter into evidence.
{¶ 16} As an initial matter, we note that the admission or exclusion of evidence is generally a matter resting within the trial court's sound discretion, and its decision in such matters will not be disturbed on appeal absent an abuse of discretion.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
{¶ 17} Other act evidence offered to show a scheme, plan, or system is relevant in two situations. First, the evidence is relevant if it forms part of the immediate background of the alleged act which serves the foundation of the crime charged.State vs. Curry (1975), 43 Ohio St.2d 66, 73. Second, the evidence may be admissible to prove the identity of the perpetrator. Id. State v. Sexton (March 9, 199), Stark App. No 1996 CA 00306, 1995 CA 00367.
{¶ 18} Evidence Rule 404(B) and R.C. § 2945.59 referencing the admissibility of "other acts" testimony both contemplate acts which may or may not be similar to the crime at issue. State vs.Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus,cert. denied, (1989), 490 U.S. 1075.
{¶ 19} Evid.R. 404(B) Other Crimes, Wrongs Or Acts, states, in pertinent part:
{¶ 20} "(B) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
{¶ 21} R.C. 2945.59 Proof Of Defendant's Motive, provides:
{¶ 22} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
{¶ 23} In State v. Morales (1987), 32 Ohio St.3d 252,513 N.E.2d 267, certiorari denied (1988), 484 U.S. 1047,108 S.Ct. 785, 98 L.Ed.2d 871, the Ohio Supreme Court addressed the standard for determining the admissibility of photographs in a non-capital case: When considering the admissibility of photographic evidence under Evid.R. 403, the question is whether the probative value of the photographic evidence is substantially outweighed by the danger of unfair prejudice to the defendant. [Citations omitted.] The admission or exclusion of such photographic evidence is left to the discretion of the trial court. [Citations omitted.] Accordingly, a trial court may reject an otherwise admissible photograph which, because of its inflammatory nature, creates a danger of prejudicial impact that substantially outweighs the probative value of the photograph as evidence. Absent such danger, the photograph is admissible. Id.
at 257, 513 N.E.2d 267.
{¶ 24} In State v. Schilling (Feb.12, 2002), Tusc. County App. No. 2001 AP 01 001, 2002-Ohio-775, this Court held that a Court of Appeals will not interfere with the trial court's balancing of probativeness and prejudice in determining whether to admit a photograph into evidence unless the trial court has clearly abused its discretion and defendant has been materially prejudiced thereby.
{¶ 25} We find that in the case sub judice, the trial court could have found that acts of providing the victim with and having her dress in provocative lingerie and/or bikinis, etc. and then photographing her in sexually provocative poses was part of the sequence of events leading up to and part of the sexual abuse. It was part of the background for the crimes charged.Curry, supra.
{¶ 26} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.
{¶ 27} The decision of the Licking County Court of Common Pleas is affirmed.
Judgment affirmed.
Boggins, J., Wise, P.J., and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is affirmed. Costs assessed to Appellant.