{¶ 72} A defendant's commission of some other act would generally be irrelevant to the question of whether such defendant committed the act forming the basis of the present charge. Accordingly, the general rule is that such other acts evidence is inadmissible. A special exception to such general rule, however, is Court of Appeals of Ohio, Ninth Judicial District *Page 30 
found in the principles set forth in Evid. R. 404(B) and R.C. 2945.59, which permit the use of other acts testimony in order to prove certain matters when they are at issue in a criminal trial.
 {¶ 73} It appears that the majority's position is that the evidence in question is admissible because it shows a scheme or plan of the defendant. As noted by the Ohio Supreme Court, "scheme, plan or system" is only relevant in two general factual situations. State v. Curry
(1975), 43 Ohio St.2d 66, 73. The first is the situation in which the other acts form part of the immediate background of the crime charged. The second factual situation when such evidence is admissible occurs when the defendant's identity is at issue. Neither situation is applicable to the present case. Identity is not an issue in this case. Though the defendant denies that he committed the acts in question, that does not create an issue of identity. It merely creates a dispute as to the defendant's conduct.
 {¶ 74} Likewise, the scheme or plan evidence cannot be used in this case to prove the immediate background of the crime. In order to be admissible under this theory, it must be "virtually impossible" to prove the crime without evidence of the other acts and such evidence must be "inextricably related" to the crime charged. Id. In this case, the other acts evidence was not inextricably related to either gross sexual imposition or rape. Nor was it virtually impossible to prove the crime without evidence of the other acts. The evidence indicating that defendant hugged and kissed the victim's sisters, and had unusual fetishes merely made the *Page 31 
state's task easier because the jury may have been emotionally led to believe that a defendant who would so behave was more likely to commit the charged crimes. That is precisely the reason why other acts evidence is so carefully limited. "A hallmark of the American criminal justice system is the principle that proof that the accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime." Curry, 43 Ohio St.3d at 68, citing 1 Underhill's Criminal Evidence (6 Ed.), 595, Section 205.
 {¶ 75} Consequently, I believe that the other act evidence was not relevant to a material fact and should not have been admitted. In this case, the questioned evidence was so extreme that there can be no question but that the defendant was prejudiced by its admission. In my view, the protection of defendant's right to fair trial requires a trial free from such taint.
 {¶ 76} I would reverse and remand for a new trial.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Ohio Constitution.) *Page 1