JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Little W. Ogletree, appeals his drug possession conviction, assigning three errors for our review. For the reasons discussed below, we affirm the judgment of the trial court.
 {¶ 2} Appellant was indicted by a Cuyahoga County Grand Jury on one count of possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11. The case proceeded to a jury trial. The State called three witnesses: two Cleveland police department officers and a forensic scientist from the Cleveland police department. After the State rested its case-in-chief, the defense made a Crim.R. 29 motion for acquittal, which was denied.
 {¶ 3} Appellant then took the stand on his own behalf. At the conclusion of its case-in-chief, the defense renewed its Crim.R. 29 motion for acquittal, which was again denied.
 {¶ 4} After its deliberations, the jury returned a guilty verdict against appellant. Appellant was sentenced to two years of community control sanctions.
 {¶ 5} Officers John Hategan and John Fore testified that in the early afternoon hours of June 2, 2005, they were on routine patrol in the Ohio City area of Cleveland when they were flagged down by a man who claimed that a group of males were trying to "rob or harass him." As a result of the man's complaint, he accompanied the officers in their police cruiser as they toured the neighborhood in an attempt to find the males whom he claimed had bothered him. After approximately five minutes in the police cruiser, the man observed, and identified, appellant as one of the males who had bothered him. At the time, appellant was walking on a sidewalk with another male.
 {¶ 6} Officer Hategan pulled the police cruiser over to the curb, approximately ten feet away from appellant and the other male, and he and Officer Fore exited the cruiser. Both officers observed appellant make a movement with his hand and throw something on the ground. Officer Hategan testified that the object appellant threw had been in his left hand. Officer Hategan explained that he "saw [appellant] in plain view * * *. He did it right in front of me basically." Officer Fore, who testified that he was approximately two feet away from appellant, described appellant as making a movement with his hand and flinging an object to the side.
 {¶ 7} Officer Fore detained the males by the police cruiser and Officer Hategan retrieved a crack pipe from the ground. Officer Hategan described the crack pipe as being "right next" to where appellant had been standing when the officers observed him. Besides the man who appellant had been walking with, no other people were at the scene.
 {¶ 8} The male who had been with appellant, and who was not identified as a perpetrator by the man who flagged the officers down, was released after he cleared a warrant check. Appellant was arrested.
 {¶ 9} A forensic scientist from the Cleveland police department performed three tests on the crack pipe, all of which tested positive for the presence of crack cocaine.
 {¶ 10} Appellant testified that he was walking, with a man he knew only as "Red," when the officers pulled up and "accosted" him. Appellant denied attempting to rob or harass anyone, as well as throwing an object to the ground. Appellant also denied knowing that Officer Hategan had recovered a crack pipe from the scene.
 {¶ 11} In his first assignment of error, appellant challenges the sufficiency of the evidence. In particular, appellant argues that the evidence was insufficient to prove that he knowingly possessed cocaine, and that the trace amount of cocaine found in the crack pipe was insufficient evidence to sustain a conviction.
 {¶ 12} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 13} R.C. 2925.11(A), governing possession of drugs, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} R.C. 2901.22 sets forth the culpable mental states, and provides as follows:
 {¶ 15} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 16} R.C. 2925.01(K) defines possession as "having control over a thing or substance." The statute also states that possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Id. Readily usable drugs in close proximity to a person, however, may constitute sufficient direct and circumstantial evidence to support a finding of constructive possession. State v. Pruitt
(1984), 18 Ohio App.3d 50.
 {¶ 17} Here, both officers observed appellant throwing something on the ground as they approached him. Neither officer wavered in his testimony that it was appellant, as opposed to the male he was with, who threw the object. Officer Hategan described it as happening "right in front" of him and when asked how sure he was that it was appellant who threw something, he responded, "[p]ositively the defendant threw the object to the ground." Similarly, when asked why the male who was with appellant was released, Officer Fore responded that they "[a]rrested the individual [who] threw [the crack pipe]." Moreover, this incident occurred during daylight hours, and except for Red, the male who was with appellant, no other people were at the scene.
 {¶ 18} Viewed in a light most favorable to the State, there was sufficient evidence from which the jury could have inferred possession and knowledge.
 {¶ 19} Additionally, the evidence was sufficient for a drug possession conviction, even though only trace amounts of cocaine were found in the crack pipe. The Supreme Court of Ohio addressed this issue in State v. Teamer (1998), 82 Ohio St.3d 490, wherein it held that the quantity of a controlled substance is not a factor in determining whether a defendant may be convicted of drug possession. Similar to this case, the defendant inTeamer challenged the sufficiency of evidence after he was convicted of drug possession stemming from trace amounts of cocaine found in a crack pipe the police observed him drop.
 {¶ 20} Appellant argues that Teamer is distinguishable from this case, however, because of the "great deal" of evidence that existed in that case, but not in this case. We are not persuaded. As already discussed, both officers observed appellant throw something on the ground as they approached him. The act of throwing the object, a crack pipe, down upon the approach of the officers is sufficient for an inference of "a guilty mind" and, hence, a conclusion that appellant had knowledge of the crack residue.
 {¶ 21} Moreover, the officers did not waver that it was appellant, as opposed to the male he was with, who threw the object. Officer Hategan described it as happening "right in front" of him and when asked how sure he was that it was appellant who threw something, he responded "[p]ositively the defendant threw the object to the ground." Similarly, when asked why the male who was with appellant was released, Officer Fore responded that they "[a]rrested the individual [who] threw [the crack pipe]." This incident occurred during daylight hours, and other than the male who was with appellant, no other people were at the scene.
 {¶ 22} Based on that testimony, along with the testimony of the forensic scientist, there was sufficient evidence that appellant was guilty of possession of drugs. Accordingly, appellant's first assignment of error is overruled.
 {¶ 23} In his second assignment of error, appellant argues that the assistant prosecuting attorney improperly elicited testimony of irrelevant and unfounded evidence of an unrelated offense. In particular, appellant cites the officers' testimony that the man who flagged them down, and later identified appellant, said that appellant tried to rob him or was harassing him.
 {¶ 24} Initially, we note that there was no objection to the testimony appellant now alleges was improper. The failure to advise a trial court of a possible error at a time when the error could have been avoided or corrected results in a waiver of the issue for purposes of appeal. State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277; see, also, Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099, 1103. The plain error rule is an exception to the waiver doctrine and provides that if an error affects substantial rights, an appellate court may take notice of an otherwise waived error. Crim.R. 52(B).
 {¶ 25} Generally, evidence of previous or subsequent other crimes, wrongs or acts is inadmissible to show that the accused has a propensity to commit crimes. Evid.R. 404(B); State v.Smith (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190; State v.Wilkinson (1980), 64 Ohio St.2d 308, 314, 415 N.E.2d 261. Exceptions to this general rule are limited to R.C. 2945.59 and Evid.R. 404(B).
 {¶ 26} Evid.R. 404(B) provides as follows:
 {¶ 27} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 28} R.C. 2945.59 contains essentially the same language as Evid. R. 404.
 {¶ 29} Evid.R. 404(B) has been construed to permit evidence of other crimes, wrongs, or acts of the accused to be admitted when the "purpose is inextricably related to the alleged criminal act." Staff Notes to Evid. R. 404(B).
 {¶ 30} In State v. Curry (1975), 43 Ohio St. 2d 66, the Supreme Court of Ohio noted that scheme, plan, or system evidence is relevant in the situation in which:
 {¶ 31} "* * * [T]he `other acts' form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this subcategory of `scheme, plan or system' evidence, the `other acts' testimony must concern events which are inextricably related to the alleged criminal act. * * *" Id. at 73.
 {¶ 32} In Wilkinson, supra, the Supreme Court of Ohio quoted with approval federal decisions construing Fed.R.Evid.404(b):
 {¶ 33} "* * * `[t]he jury is entitled to know the `setting' of a case. It cannot be expected to make its decision in a void — without knowledge of the time, place and circumstances of the acts which form the basis of the charge.'" Id. at 317. (Citations omitted.)
 {¶ 34} Additionally, "`* * * [E]vidence of other crimes may be presented when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" Id. (Citations omitted.)
 {¶ 35} In this case, the police were flagged down by a man who complained that a group of males were harassing or attempting to rob him. As a result of the man's complaint, the man accompanied the police in their cruiser to look for the alleged perpetrators. The man identified appellant, and the officers approached him. Upon approaching appellant, the officers observed him throw something on the ground.
 {¶ 36} Upon review, we find that the officers' testimony about the sequence of events leading up to their encounter with appellant was proper as immediate background testimony. The testimony explained the setting of the case. In fact, the assistant prosecuting attorney explained that to the jury in his opening statement:
 {¶ 37} "Now, those are the facts leading up to the approach of the defendant.
 {¶ 38} "This is a drug case, ladies and gentlemen. And the facts I'm about to tell you are what lead into that. What I just explain[ed] is only what opened, what set the stage."
 {¶ 39} The assistant prosecuting reiterated in his closing argument that the alleged attempted robbery or harassment had "nothing to do with [this] case. This is a drug case."
 {¶ 40} The testimony was proper background testimony to provide the jury with the setting of the case. Appellant's second assignment of error is overruled.
 {¶ 41} In his third and final assignment of error, appellant argues that his trial counsel was ineffective. We disagree.
 {¶ 42} In order to demonstrate a claim of ineffective assistance of counsel, a defendant must show that his counsel deprived him of a fair trial. Specifically, a defendant show that: 1) defense counsel's performance at trial was seriously flawed and deficient; and 2) the result of the trial would have been different if defense counsel had provided proper representation at trial. Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144.
 {¶ 43} A presumption that a properly licensed attorney executes his duty in an ethical and competent manner must be applied to any evaluation of a claim of ineffective assistance of counsel. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299. In addition, this court must accord deference to defense counsel's strategic choices during trial and cannot examine the strategic choices of counsel through hindsight. Strickland, supra at 689.
 {¶ 44} Appellant argues that his counsel was ineffective by not objecting to the officers' testimony about their encounter with the man who claimed that a group of males had tried to rob him or were harassing him, and who later identified appellant as one of the males. For the reason previously discussed in addressing appellant's second assignment of error, however, appellant's claim of ineffective assistance of counsel is without merit and his third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Corrigan, J., Concur.