OPINION
{¶ 1} Defendant Larry Hill appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, convicting and sentencing him for two counts of robbery in violation of R.C. 2911.02(A)(2), two counts of attempt to commit rape in violation of R.C. 2923.02, and two counts of gross sexual imposition in violation of R.C. 2907.05, after a jury found him guilty. The court merged the gross sexual imposition counts with the attempted rape counts, and sentenced appellant for the four remaining felony counts. The court also found appellant is a sexual predator pursuant to R.C. 2950.09.
 {¶ 2} Appellant's original direct appeal was dismissed because his counsel failed to file an appellate brief. Upon a showing of ineffective assistance of appellate counsel, this court reopened the appeal. Appellant assigns three errors to the trial court:
 {¶ 3} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF A FAIR TRIAL WHEN IT DENIED APPELLANT'S MOTIONS TO SEVER COUNTS ONE, TWO AND THREE FROM COUNTS FOUR, FIVE, AND SIX, THEREBY VIOLATING APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 4} "II. BY ALLOWING THE STATE TO PRESENT THE TESTIMONY OF AN INVESTIGATING OFFICER BY WAY OF AN UNAUTHENTICATED VIDEOTAPED DEPOSITION AND WITHOUT A SUFFICIENT SHOWING OF UNAVAILABILITY, THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE CONFRONTATION AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 5} "III. APPELLANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY: (A) FAILING TO RENEW MOTION FOR SEVERANCE AT THE CLOSE OF THE STATE'S CASE OR AT THE CLOSE OF ALL THE EVIDENCE; (B) BY FAILING TO REQUEST A LIMITING INSTRUCTION ON THE OTHER ACTS EVIDENCE; AND (C) FAILING TO OBJECT TO THE DISPLAY OF OFFICER HEMPSTEAD'S VIDEOTAPE DEPOSITION AT TRIAL. COUNSEL'S INEFFECTIVE ASSISTANCE DEPRIVED APPELLANT OF HIS RIGHTS UNDER THE FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS TEN AND SIXTEEN OF ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 6} Appellant's convictions stem from incidents occurring on February 17, and August 4, 2001. On February 17, 2001, a woman approached appellant, whom she knew, inquiring after her friends. Appellant told her he had not seen them, but asked her for a ride. She had given the appellant a ride before when her friends were with her. Appellant directed the woman to a remote area on Baker Road, where he said he was to meet a friend. They stopped at a house, but the friend was not there. Appellant asked the woman to drive further down the road, but instead she drove back towards town. Appellant became agitated, told her he had a gun, and told her to turn the vehicle around. Appellant told the woman, "I'm going to rape you", while grabbing at her breasts. When they arrived at the Midget Mart, the woman jumped out of the vehicle and ran inside for help. Appellant drove the woman's vehicle away, and it was eventually located in the parking lot of an apartment complex.
 {¶ 7} On August 4, 2001, appellant approached a young woman at a red light at the intersection of Court and Franklin Streets. She was acquainted with appellant because he was engaged to her sister at the time. Appellant asked for a ride to his friend's home on Baker Road. When they arrived at a house, appellant informed the woman he was going to rape her. She resisted, and he struck her, grabbed her throat, and rubbed her breasts. Appellant licked the woman's face, neck, and ear. The woman, who was six and one-half months pregnant, pulled away from appellant, exited the vehicle, and ran to a nearby house. Appellant drove her vehicle away. The residents of the home to which the victim ran reported the attack and the stolen vehicle.
 {¶ 8} Deputy Christopher Hempstead of the Circleville Police Department followed a vehicle which matched the description of the stolen vehicle, and attempted to stop it after the driver committed a traffic infraction. The driver fled, and the deputy gave chase. Eventually, the driver exited his vehicle and fled on foot. Another officer apprehended the driver, and Deputy Hempstead identified appellant as the driver of the stolen vehicle.
 {¶ 9} Appellant presented no witnesses or evidence at trial. On closing, counsel conceded appellant is guilty of robbery on both occasions, but denied he intended to rape either victim. Counsel argued appellant did not touch the victims for sexual gratification, and was only trying to frighten the two young women into abandoning their cars so he could steal them.
 I {¶ 10} In his first assignment of error, appellant argues the trial court erred in overruling his motion to sever the counts pertaining to the February 17 incident from those concerning the August 4 incident.
 {¶ 11} Crim. R. 8 provides two or more offenses may be charged in the same indictment, information, or complaint in separate counts for each offense, if the offenses charged are of the same or similar character. Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results, and to diminish inconvenience to the witnesses, see State v. Torres (1981), 66 Ohio St. 2d 340.
 {¶ 12} Crim. R. 14 permits a defendant to move to sever the charges if their consolidation will prejudice his or her rights. In order to prevail on a claim the court erred in overruling the motion to sever, the defendant must show: (1) his rights were prejudiced; (2) at the time of the motion to sever he provided the trial court with sufficient information so it could weigh the considerations favoring joinder against the potential prejudice; and (3) given the information provided to the court, it abused its discretion in refusing to sever the charges, Id.
 {¶ 13} In analyzing the first prong, whether the appellant's rights were prejudiced, we must determine if evidence of the other crimes would be admissible even if the counts had been severed, and if not, whether the evidence of each crime is separate and distinct, State v.Schaim, 65 Ohio St. 3d 51, 1992-Ohio-31, 600 N.E. 2d 661, citations deleted. If the evidence of the other crimes would be admissible at separate trials, the prejudice resulting from the jury's hearing evidence of the other crimes would be no different whether in a joint trial or separate trials, Id. citations deleted.
 {¶ 14} Courts limit the admissibility of other acts evidence because of the substantial danger a jury will convict the defendant because it finds he or she has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she is actually guilty of the crime charged in the indictment, see State v. Curry (1975),43 Ohio St. 2d 66, 330 N.E. 2d 720. The danger is high when the other acts are very similar to the charged defense, or are of an inflammatory nature, particularly in prosecutions for sexual offenses, Schaim at 668.
 {¶ 15} The Schaim court cited Evid. R. 404 and R.C. 2945.59, which provides if the defendant's motive or intent, the absence of mistake or accident on his part, or the scheme, plan or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, absence of mistake or accident, or scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous or subsequent, even if it tends to show the defendant committed another crime.
 {¶ 16} The Rule and statute refer to three different uses of the evidence: to prove motive or intent, to prove absence of mistake or accident, or to prove the plan or system, of doing an act. Courts have focused on the last use, which is the most problematic.
 {¶ 17} In Schaim, the defendant was indicted on two counts of forcible rape involving his adopted daughter, one count of gross sexual imposition involving his younger daughter, and two counts of sexual imposition involving an employee. All the counts were joined in a single prosecution. The trial court permitted the joinder because it found the evidence would be admissible in the prosecution of any of the counts, to show the appellant had engaged in a pattern of molesting women.
 {¶ 18} The Supreme Court found the majority of the evidence would not have been admissible if the trials were separated. The Schaim court cited State v. Burson (1974), 38 Ohio St. 2d 157, 311 N.E. 2d 526, wherein the court found the other acts must have "such a temporal, modal, and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question."
 {¶ 19} "Pattern evidence" refers to other acts evidence admissible when the defendant's scheme, plan, or system in doing an act is relevant at trial. The evidence may be relevant for one of two reasons: (1) the other acts are part of one criminal transaction and are inexplicably related to the charged crime, or a common scheme or plan tends to prove the identity of the perpetrator, Schaim, footnote 11, citingCurry. The Supreme Court found Schaim's identity was not a material issue in dispute, and held the court erred in not severing the counts.
 {¶ 20} In State v. Miley, Richland App. No. 2005CA67 and 2006CA14,2006-Ohio-4670, this court reviewed a case wherein the appellant was charged with 55 felony counts, including rape, unlawful sexual conduct with a minor, disseminating matter harmful to juveniles, and corrupting with another with drugs. The victims were two brothers. At trial, the State presented not only the brothers' testimony, but that of another man whom the appellant had molested ten years prior to the acts alleged in the indictment. This court found there was no dispute as to the identity of the perpetrator, and concluded the prior acts were not properly admitted to prove the appellant's scheme, plan, or system in committing the crimes charged.
 {¶ 21} However, this court noted evidence of other acts is admissible if the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,Miley at paragraph 60, citations deleted.
 {¶ 22} Appellant argues the evidence would not have been admissible in separate trials because here, the identity of the perpetrator was not disputed. However, appellant raised the issue of his motive or intent. Appellant is correct in arguing the state could not introduce the evidence to show appellant had a propensity to commit the crimes. However, we find the evidence is admissible to show appellant's motive or intent, an element of the crime charged, which appellant placed at issue.
 {¶ 23} We find appellant has not demonstrated his rights were prejudiced, because we find the evidence presented would have been admissible in separate trials if the charges had been severed.
 {¶ 24} The first assignment is overruled.
 II. {¶ 25} In his second assignment of error, appellant argues the court erred in permitting the State to present the testimony of Officer Hempstead by way of a videotaped deposition. Appellant argues the State failed to make a sufficient showing Officer Hempstead would be unavailable to testify at trial.
 {¶ 26} Appellant correctly states the Confrontation Clauses of the Ohio and United States Constitutions guarantee every defendant being tried on a felony charge the right to confront the adverse witnesses. The Ohio Constitution provides for the taking of depositions for use in a criminal trial if a witness' attendance cannot be had at the trial. In order to show video-taped deposition, the State must prove the witness is out of state or unable to testify because of sickness or infirmity, or because the State cannot secure the attendance of the witness by subpoena, see Crim. R. 15.
 {¶ 27} On April 18, 2002, the State moved to take Officer Hempstead's deposition for use at trial because the officer was scheduled to be out of state on the trial date. The trial court found Officer Hempstead was unable to attend the trial, and permitted the deposition because his testimony was material to the case.
 {¶ 28} We have reviewed the record, and appellant did not object at trial when the State offered Officer Hempstead's video-taped deposition. Further, we find the Confrontation Clause was not violated, because appellant and counsel were present and participated in the deposition. Defense counsel cross-examined the officer extensively, and the trial court later sustained some of the objections counsel made during the deposition.
 {¶ 29} Appellant also argues the video tape was not properly authenticated, and because of the sustained objections, it had been edited. Appellant brought none of these alleged deficiencies to the court's attention at trial.
 {¶ 30} The record contains a written transcription of Officer Hempstead's deposition, filed with the court on April 23, 2002, with a certification from the court reporter that the officer was duly sworn and the typed transcript was true and correct. If there was a discrepancy between the tape and the printed material it was resolvable. Appellant does not indicate how he was prejudiced by these alleged deficiencies. The transcript also contains a stipulation from both parties that the officer's deposition could be taken.
 {¶ 31} We find the trial court did not err in permitting the jury to view the video tape. The second assignment of error is overruled.
 III. {¶ 32} In his third assignment of error, appellant argues he was denied the effective assistance of counsel at his trial. Appellant states counsel was ineffective in three instances: first, by failing to renew the motion for severance at the close of the State's case or at the close of all evidence; secondly, by failing to request a limiting instruction on the other acts evidence; and thirdly, failing to object to Officer Hempstead's video-taped deposition.
 {¶ 33} The standard of reviewing claims ineffective assistance of counsel is set forth in Strickland v. Washington (1984), 466 U.S. 668,104 Sup. Ct. 2050, 80 L. Ed. 2d 674. Ohio utilizes theStrickland standard, see State v. Bradley (1989), 42 Ohio St. 3d 136,538 N.E. 2d 373. Our review requires a two-prong analysis: first we must determine whether counsel's assistance was ineffective, which means determining whether counsel's performance fell below an objective standard of reasonable representation and violated any essential duty to the client. If we find counsel was ineffective, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness, to the extent the reliability of the outcome of the trial is suspect. This requires showing a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different, State v. Hosier, Morgan App. No. 2005-CA-016,2006-Ohio-5540. In reviewing counsel's performance, we presume counsel's conduct fell within the wide range of reasonable, professional assistance, Bradley at 142.
 {¶ 34} We find appellant's trial counsel was not ineffective in failing to renew the motion to sever the counts, because we find in I, supra, the trial court did not err in overruling the motion. Similarly, counsel was not ineffective in failing to object to the video deposition because the deposition was admissible.
 {¶ 35} Appellant argues trial counsel should have requested a limiting instruction regarding the other acts evidence.
 {¶ 36} The trial court instructed the jury to consider the counts separately because the charges set forth in each count in the indictment constitute a separate and distinct matter. The court instructed the jury to consider the evidence applicable to each count separately, and make its finding as to each count uninfluenced by the verdict as to the other counts. The court charged the jury that the appellant could be found guilty or not guilty of any one or all of the offenses charged. Tr. of Proceedings, Volume 3, Pages 434-435.
 {¶ 37} We find the trial court's instructions to the jury were complete and appropriate, and conclude counsel's performance was not ineffective.
 {¶ 38} The third assignment of error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County is affirmed. By Gwin, P.J., Edwards, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County is affirmed. Costs to appellant.