[Cite as *State v. Craig*, 2018-Ohio-1987.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 17-CA-61 |
| JEFFREY W. CRAIG | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Licking County Court of Common Pleas,
Case No. 17 CR 006


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 17, 2018


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


NATHANIEL H. HURST    MARK J. MILLER
Assistant Prosecuting Attorney    555 City Park Avenue
20 North Second Street, 4th Floor    Columbus, Ohio 43215
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}  Appellant Jeffrey W. Craig appeals the judgment entered by the Licking County Common Pleas Court convicting him of failure to comply with the order or signal of a police officer (R.C. 2921.331(B),(C)(5)(a)(ii)), a third degree felony, and sentencing him to three years incarceration.  Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  At 1:38 a.m. on January 11, 2017, Officer David Lemmert of the Westerville Police Department observed a silver Dodge Stratus, license plate number GZG5570, run a red light.  Officer Lemmert attempted to stop the vehicle by activating his lights and "whooping" his siren a few times.  The driver refused to stop.  At one point the officer was able to put the beam of his spotlight on the driver's side of the vehicle to observe the side profile of the driver, and the driver's face reflected in the side view mirror.  When the vehicle entered the westbound ramp to I-270, the officer terminated the pursuit.

{¶3}  Officer Lemmert discovered the vehicle was registered to Stephanie Palmer in Obetz, Ohio.  Because the driver he observed was male, he checked for other persons living at the same address through the Ohio Law Enforcement Gateway Database (OHLEG) and discovered Appellant lived at the same address as Palmer.  Upon viewing a photograph of Appellant in OHLEG, he identified Appellant as the driver of the Dodge Stratus.  Appellant was charged with a misdemeanor count of failure to comply with the order or signal of a police officer in Franklin County, to which he entered a plea of guilty.

{¶4}  At 2:54 a.m. that same morning, January 11, 2017, Sgt. Joshua McGeorge of the Pataskala Police Department was stationary at the intersection of Headleys Mill

Road and State Route 310 in Licking County, Ohio. He observed a silver Dodge Stratus, license plate number GZG5570 run a red light. The vehicle turned right on Broad Street from the left lane. Sgt. McGeorge activated his lights and siren, but the vehicle failed to stop, accelerating to 67-70 miles per hour in a 45 mile per hour zone. The pursuit continued through Licking County and into Franklin County, where Appellant turned several times before entering Interstate 70 westbound. Appellant exited the interstate and turned on to Campbell Avenue, heading west. During the pursuit Sgt. McGeorge observed the Dodge Stratus commit multiple traffic violations in addition to speeding. Road conditions were becoming icy, and Sgt. McGeorge slid through an intersection. He observed Appellant slide and strike a retaining wall. He terminated the pursuit because of road conditions.

{¶5} Officer Michael McClellan of the Pataskala Police Department aided in the pursuit. Due to worsening road conditions he dropped back out of concern for his safety and that of his dog who was with him in the cruiser. He eventually saw Appellant come out of Campbell Road "blacked out," meaning Appellant did not have his headlights or taillights on. Appellant nearly collided with McClellan's cruiser. McClellan was able to see the driver of the vehicle. The Pataskala officers eventually identified Appellant as the driver of the vehicle, and then discovered Appellant's license was suspended and he was wanted on an outstanding warrant.

{¶6} Appellant was indicted by the Licking County Grand Jury with one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B),(C)(5)(a)(ii), a felony of the third degree. The case proceeded to jury trial in the Licking County Common Pleas Court. Appellant was convicted as charged and

sentenced to three years incarceration. He was further sentenced to one year incarceration for violating post-release control, to be served consecutively.

{¶7} It is from the July 12, 2017 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

"I. THE VERDICT FORMS USED TO CONVICT THE APPELLANT OF A FELONY FAILURE TO COMPLY WERE INSUFFICIENT AS A MATTER OF LAW.

"II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS THE STATE'S FELONY FAILURE TO COMPLY CHARGE AGAINST THE APPELLANT PURSUANT TO THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

"III. THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO INTRODUCE EVIDENCE OF THE APPELLANT'S PRIOR CONVICTION IN FRANKLIN COUNTY OF A MISDEMEANOR FAILURE TO COMPLY.

"IV. THE TRIAL COURT ACTED UNREASONABLY BY ALLOWING THE STATE TO INTRODUCE EVIDENCE THAT THE APPELLANT HAD A SUSPENDED DRIVER'S LICENSE AND OUTSTANDING WARRANT.

"V. THE TRIAL COURT'S CUMULATIVE ERRORS DEPRIVED THE APPELLANT OF A FAIR TRIAL EVEN IF ONE ERROR ALONE DID NOT RISE TO THE REQUISITE LEVEL OF REVERSIBLE ERROR.

"VI. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION TO SUPPRESS OFFICER MCCLELLAN'S OUT-OF-COURT IDENTIFICATION OF THE APPELLANT AS THE SUSPECT IN QUESTION.

"VII. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT WITHOUT MAKING CERTAIN REQUISITE FINDINGS IN ACCORDANCE WITH R.C. 2929.14."

I.

**{¶8}** In his first assignment of error, Appellant argues the verdict forms are insufficient to convict him of a third degree felony, relying on *State v. McDonald,* 137 Ohio St. 3d 517, 1 N.E.3d 374, 2013-Ohio-5042.

**{¶9}** R.C. 2921.331 sets forth a range of violations of varying degrees for failure to comply with the order or signal of a police officer, from a first degree misdemeanor to a third degree felony. The statute provides in pertinent part:

(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

(2) A violation of division (A) of this section is a misdemeanor of the first degree.

(3) Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.

***

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

***

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶10} Generally, the statutory definition of an offense need not be included on the verdict form.  *State v. Martin*, 2nd Dist. Montgomery No. 22744, 2009-Ohio-5303, ¶8. R.C. 2945.75 contains an exception to this rule:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

**{¶11}** Therefore, a verdict form signed by a jury must include either the degree of the offense or a statement an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense. *State v. Pelfrey,* 112 Ohio St. 3d 422, 860 N.E.2d 735, 2007-Ohio-256, ¶14. The verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed. *Id.* If the verdict form fails to include the degree of the offense or a statement the aggravating element has been found, the defendant can only be convicted of the least degree of the offense. *Id.* at ¶13.

**{¶12}** In *McDonald, supra,* the verdict form stated the jury found the defendant guilty of "Failure to Comply with Order or Signal of Police Officer And Caused A Substantial Risk of Serious Physical Harm to Persons or Property." The court noted "failure to comply with an order or signal of a police officer" is the name of a violation of either R.C. 2921.331(A) – a general failure to comply with the order of an officer – or R.C. 2921.331(B) – willful flight from a police officer. 2013-Ohio-5042, ¶20. Only a violation

of subsection (B) can be the basis of an enhancement pursuant to R.C. 2921.331(C)(5)(a)(ii) for creating a substantial risk of injury or damage to property. *Id.*

{¶13} The only path to a felony conviction under the statute is through a conviction of R.C. 2921.331(B). *Id.* at ¶22. Without the element of willful elusion or flight, there can be no felony conviction, and thus the element of willful flight constitutes "one or more additional elements" which make an offense one of a more serious degree pursuant to R.C. 2945.75. *Id.* The court found the verdict form insufficient to convict McDonald of a felony:

> The verdict form in this case does not indicate that the elements of R.C. 2921.331(B) are implicated. Therefore, the verdict form the jury signed does not set forth the additional elements that enhance the crime of failure to comply from a misdemeanor to a felony; it therefore supports only a misdemeanor conviction.
>
> If the jury had believed that McDonald had simply failed to comply with the order of Officer Runyon but did not see or hear the signal or intentionally flee him, but in failing to comply managed to create a substantial risk to injury to persons or property, the very verdict form used in this case would have fit that conclusion. And that conclusion would have yielded a misdemeanor, because it would have reflected only a violation of R.C. 2921.331(A). That verdict form and a verdict form supporting a felony cannot be identical; a felony verdict form—if it does not state the degree of

the offense—must state the elements that distinguish it from a misdemeanor offense.

The jury found that McDonald was guilty of failure to comply with the order or signal of a police officer. Its further finding that McDonald had caused a substantial risk of serious physical harm to persons or property was superfluous without a finding that the risk occurred when McDonald was in willful flight from a police officer. Thus, pursuant to R.C. 2945.75(A)(2), the verdict form in this case yields a guilty verdict that "constitutes a finding of guilty of the least degree of the offense charged," that is, a first-degree misdemeanor pursuant to R.C. 2921.331(C)(3). *Id.* at ¶¶ 23-25.

{¶14} We find the instant case distinguishable from *McDonald.* The verdict form in Appellant's case states:

We, the Jury, do find beyond a reasonable doubt the Defendant, Jeffrey W. Craig, GUILTY of failure to comply with the order or signal of a police officer in violation of **Section 2921.331(B)(**C)(5)(a)(ii) of the Ohio Revised Code (emphasis added).[1]

---

[1] The jury further completed a second verdict form concerning the special finding pursuant to R.C. 2921.331(C)(5)(a)(ii), which Appellant does not challenge.

**{¶15}** The defect in the verdict form in *McDonald* was the inability to determine from the face of the verdict form whether the jury found him guilty of willful fleeing from an officer pursuant to subsection (B), or a general failure to comply with the order of an officer pursuant to subsection (A). Such defect is not present in the instant case, where the verdict form specifically references only subsection (B). A specific finding of willfulness is not an additional element that must be found to elevate subsection (B) to a felony; rather, it is an element of the offense itself. As such, the finding of a violation of R.C. 2921.331(B) in the instant case does not implicate a deviation from the general rule that a verdict form need not set forth the statutory definition of the offense. *Martin, supra.*

**{¶16}** Appellant was indicted solely with a violation of subsection (B). The jury was instructed solely as to the elements of subsection (B). Tr. 159. The jury was further instructed as to the definition of "willful." Tr. 160. The verdict form specifically referred only to subsection (B), with no reference to subsection (A). We therefore find the verdict form sufficient to convict Appellant of R.C. 2921.331(B), which then allowed the jury to proceed to the special finding pursuant to (C)(5)(a)(ii) which elevated the offense to a third degree felony.

**{¶17}** The first assignment of error is overruled.


II.

**{¶18}** In his second assignment of error, Appellant argues his conviction violates double jeopardy because he was previously convicted of a misdemeanor offense of failure to comply based on the same conduct.

**{¶19}** The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that, "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense." To determine if a prior conviction is a bar to a subsequent prosecution, a court applies the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* at 304.

**{¶20}** "Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 28, *quoting State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27. R.C. 2941.25 reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of

the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} Pursuant to R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph 3 of the syllabus (2015).

{¶22} Appellant relies on *State v. Hornbuckle,* 7th Dist. Mahoning No. 14 MA 105, 2015-Ohio-3962. In *Hornbuckle,* an officer from the Youngstown Police Department attempted to stop a 1983 Oldsmobile Cutlass driven by the appellant in Mahoning County, Ohio, because the windshield of the vehicle was shattered. Instead of stopping, the appellant accelerated and a chase ensued. He eventually lost control of the vehicle and hit a curb, immobilizing the vehicle. The occupants of the vehicle, including the appellant, fled on foot. A foot chase followed and the appellant was apprehended and charged with several crimes, including failing to comply with an order of signal of an officer. One count of failure to comply, charged as a felony, was bound over to the Mahoning County Common Pleas Grand Jury. The remaining charges, which included a misdemeanor charge of failure to comply, remained in Municipal Court. The appellant was indicted by the Mahoning County Grand Jury for failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a third-degree felony. While the felony

charge was pending, he entered a no contest plea in Youngstown Municipal Court to misdemeanor failure to comply.

{¶23} The Court of Appeals for the Seventh District found the felony conviction violated Double Jeopardy because the charges arose from the same transaction or occurrence:

> The state futilely argues there were not sufficient facts before the trial court for it to determine whether the misdemeanor and felony offenses were separate and distinct. The record in this case reveals that both charges arose from a high speed vehicle chase that occurred on October 17, 2012 and lasted only a couple of minutes. 5/15/14 Plea Tr. 16. Everything in the record before this court supports the position that the charges arose from the same transaction or occurrence. Consequently, the Double Jeopardy Clause is applicable.
>
> *Id*. at ¶ 20.

{¶24} In the case sub judice, the record does not support Appellant's argument the charges arose from the same transaction or occurrence. His misdemeanor conviction arose from the chase conducted by Officer Lammert of the Westerville police department at 1:38 a.m. on the date in question. Officer Lammert terminated his pursuit in Franklin County when Appellant entered I-270. Sgt. Joshua McGeorge of the Pataskala department did not make contact with Appellant until 2:54 a.m. He was parked at the

time he observed Appellant run a red light, was not looking for Appellant's vehicle, and was not continuing a pursuit of Appellant which began in Franklin County. Rather, he began a new pursuit of Appellant based on his observation of a separate traffic violation from the offense for which Lammert pursued Appellant. Sgt. McGeorge testified he did not make contact with Appellant's vehicle at the request of the Westerville police department. Tr. 74. He further testified prior to his pursuit of Appellant, he had no contact with Officer Lammert and was not aware Appellant had been involved in a prior pursuit. Tr. 102.

{¶25} The misdemeanor conviction in Franklin County was based on Appellant's conduct in fleeing from Officer Lammert when the officer attempted to stop him for running a red light. This chase terminated. Appellant's felony conviction in Licking County was based on Appellant's conduct in fleeing from Sgt. McGeorge after he ran a red light approximately an hour and a half later. The evidence clearly established two separate acts by Appellant which led to the two separate charges of failure to comply with the order or signal of a police officer. Appellant's felony conviction therefore does not violate Double Jeopardy.

{¶26} The second assignment of error is overruled.

III.

{¶27} In his third assignment of error, Appellant argues the court erred in admitting evidence of his misdemeanor conviction in Franklin County.

{¶28} He first argues the State failed to show the conviction was specifically permitted under statute or rule. However, Evid. R. 404(B) states:

Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**{¶29}** R.C. 2945.59 similarly provides:

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

**{¶30}** Therefore, contra to Appellant's argument, if offered for one of the purposes enumerated in Evid. R. 404(B) or R.C.2945.59, evidence of his misdemeanor conviction is specifically permitted by both statute and rule.

**{¶31}** Appellant argues the court erred in admitting the conviction as evidence of identity because the State failed to demonstrate his conduct constituted a "unique behavioral fingerprint."

**{¶32}** Other acts can be evidence of identity in two types of situations. First are those situations where other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment," and which are "inextricably related to the alleged criminal act." *State v. Curry*, 43 Ohio St.2d 66, 73, 72 O.O.2d 37, 41, 330 N.E.2d 720, 725 (1975). Other acts may also prove identity by establishing a modus operandi applicable to the crime with which a defendant is charged. *State v. Lowe*, 69 Ohio St.3d 527, 1994-Ohio-345, 634 N.E.2d 616 (1994).

**{¶33}** In the instant case, evidence of Appellant's guilty plea to the misdemeanor charge in Franklin County was admissible as a part of the immediate background of the alleged act forming the foundation of the crime charged in the indictment. Appellant entered a guilty plea to the charge filed in Franklin County by Officer Lammert, thus admitting he was driving the same car in question in the instant case approximately an hour and a half prior to the incident giving rise to the charges in the Licking County indictment. Identity of the driver was at issue in the instant case, as he was not apprehended at the scene. While Officer McClellan was able to identify Appellant as the driver, Sgt. McGeorge did not have an opportunity to view the driver. Further, the car was not registered to Appellant, but was registered to a female. Therefore, we find the court

properly admitted evidence of Appellant's guilty plea and conviction in Franklin County to establish identity.

**{¶34}** Appellant next argues the state failed to provide notice of intention to use his prior conviction as required by Evid. R. 404(B). Appellant did not object to admission of his conviction on this basis. The State argues notice was provided to Appellant during discovery. The entirety of discovery provided to Appellant was not filed in the instant case. Rather, the State filed a notice stating it had provided "Discovery Record, Notice of Intent and State's Request for Discovery to counsel for the defendant consisting of 36 pages and 1 CD" on March 10, 2017. While the State's notice does not affirmatively demonstrate the evidence was provided in discovery, likewise the record does not affirmatively demonstrate Appellant's claim he was not provided notice of the State's intention to use his prior conviction at trial.

**{¶35}** Appellant argues his prior conviction should have been excluded under Evid. R. 403(A), as the prejudice resulting from its admission substantially outweighed its probative value.

**{¶36}** The admission or exclusion of relevant evidence rests within the sound discretion of the trial court, and the trial court's ruling as to such matters will not be reversed absent an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶37} Evid. R. 403(A) states, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶38} Appellant has not demonstrated the relevance of his guilty plea and conviction was outweighed by the danger of unfair prejudice. The events giving rise to the conviction occurred less than two hours prior to the incident giving rise to the instant indictment, and Appellant's admission he was driving the vehicle in question shortly before the incident charged in the instant case was highly relevant to establish his identity as the driver. The trial court instructed the jury evidence of other acts could not be considered to prove his character in order to show he acted in accordance with such character, but only for the purpose of proving identity, motive, intent, or purpose to commit the offense charged in this trial. Tr. 158.

{¶39} Further, Appellant has not assigned error to the admission of the testimony of Officer Lammert regarding this earlier incident, and his identification of Appellant as the driver. To some extent, the evidence of the conviction is cumulative of the testimony of Lammert, and Appellant has not demonstrated unfair prejudice from admission of the guilty plea and conviction arising from Lammert's pursuit.

{¶40} Finally, Appellant argues the judgment of conviction is deficient because it does not include the judge's signature. Appellant argues the judgment does not meet the admission requirements of R.C. 2945.75(B)(1), which provides:

> (B)(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction

together with evidence sufficient to identify the defendant named in the entry

as the offender in the case at bar, is sufficient to prove such prior conviction.

**{¶41}** R.C. 2945.75(B)(1) has no application to the instant case, as by its language it applies only when it is necessary to prove a prior conviction. In the instant case, the State was not required to prove a prior conviction in order to satisfy the elements of the crime charged. Rather, the guilty plea was admitted to demonstrate Appellant was driving the vehicle in question earlier the same morning.

**{¶42}** The third assignment of error is overruled.

IV.

**{¶43}** Appellant argues the court erred in admitting evidence his license was suspended and he had an outstanding warrant.

**{¶44}** Appellant argues the evidence was inadmissible pursuant to Evid. R. 403(A), cited above, because its relevance was outweighed by its danger of unfair prejudice.

**{¶45}** In order to prove violation of R.C. 2921.331(B), the State had to prove Appellant acted willfully in fleeing from the order of Sgt. McGeorge to stop his vehicle. Evidence he was driving with a suspended license and was wanted on an outstanding warrant was relevant to demonstrate his motive and intent in fleeing from Sgt. McGeorge and later Officer McClellan, and therefore was relevant to establish he acted willfully. See Evid. R. 404(B), *supra*. The trial court excluded evidence as to the type of warrant which had been issued for Appellant. Tr. 91. Further, as noted above, the trial court instructed

the jury on the proper use of evidence of Appellant's prior bad acts. Tr. 158. Appellant has not demonstrated error in the admission of evidence his license was suspended and he had an outstanding warrant for his arrest.

{¶46} The fourth assignment of error is overruled.

V.

{¶47} Appellant argues the cumulative effect of the evidentiary errors assigned in his third and fourth assignments of error denied him a fair trial.

{¶48} In *State v. Brown*, 100 Ohio St.3d 51, 2003–Ohio–5059, 796 N.E.2d 506, the Ohio Supreme Court recognized the doctrine of cumulative error. However, where we have found the trial court did not err, cumulative error is inapplicable. *State v. Carter*, 5th Dist. Stark No. 2002CA00125, 2003–Ohio1313 at ¶ 37.

{¶49} In the instant case, we have found no error in the admission of evidence of Appellant's misdemeanor conviction, his suspended license, and his outstanding warrant. Therefore, the doctrine of cumulative error is inapplicable.

{¶50} The fifth assignment of error is overruled.

VI.

{¶51} Appellant argues the court erred in overruling his request for leave to file a motion to suppress the out-of-court identification of Officer McClellan.

{¶52} On March 10, 2017, the State filed notice it had provided discovery to Appellant. The case proceeded to a first trial on April 19, 2017, which resulted in a hung jury. On April 26, 2017, the court set a new trial date of May 17, 2017.

**{¶53}** On May 12, 2017, new counsel for Appellant entered a notice of appearance and substitution of counsel. New counsel filed a request for discovery on the same date. Prior counsel for Appellant filed a motion to withdraw on May 16, 2017. On May 17, 2017, new counsel filed a motion for leave to file a motion to suppress, arguing counsel received the initial discovery from the prosecutor's office one day before trial, and discovered there was an out-of-court identification made by a witness which was suggestive and unreliable.

**{¶54}** By judgment filed May 17, 2017, the court granted the motion of Appellant's prior attorney to withdraw. The same day, the court continued the May 17, 2017 trial on its own motion. The court set a new trial date of July 11, 2017, by judgment filed May 18, 2017. The court overruled Appellant's motion for leave to file a motion to suppress, finding Appellant's time for filing a motion to suppress was well past.

**{¶55}** A failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Montgomery*, 5th Dist. Licking No. 2007 CA 95, 2008-Ohio-6077, 2008 WL 4965196, ¶ 43, *citing State v. Wade* (1973), 53 Ohio St.2d 182, 373 N.E.2d 1244 (1978), *vacated and remanded on other grounds*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978). The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. *Id., citing State v. Rush*, 5th Dist. Delaware No. 03CAC01002, 2003 WL 21694004 (July 22, 2003), ¶ 7. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶56} Appellant relies on this Court's opinion in *State v. Bryson*, 5th Dist. No. 16-CA-70, 2017-Ohio-830, 85 N.E.3d 1123.  In *Bryson,* we held the trial court abused its discretion in denying leave to file an untimely motion to suppress:

> In the case at bar, there was no compelling reason to proceed with haste as no trial date had been scheduled, the issue involved could be dispositive of the case and the state provided the discovery upon which the motion is based after the deadline. The state has not articulated any prejudice from the filing of the motion outside the thirty-five day time frame. Crim R. 12(D) permits a trial court "in the interest of justice" to extend the time for making pretrial motions. Discovery of the grounds for the suppression motion after the thirty-five day period would support the conclusion that extending time would be in the interest of justice.
> *Id.* at ¶16.

{¶57} The instant case is distinguishable from *Bryson.*  Unlike this case, *Bryson* did not involve substitution of counsel and a second trial.  Although Appellant's new counsel had just received discovery from the State before he filed the motion, discovery had been provided to Appellant's prior counsel two months earlier.  Further, a trial date had already been set in the instant case.

{¶58} Appellant argues in his brief, "There is credible evidence in the discovery (e.g. highly suggestive identification procedure, circumstances indicating identification may be unreliable) to suggest McClellan's out-of-court identification might not have met

constitutional muster to be admissible as evidence." Brief of Appellant, p. 18-19. However, this information provided Appellant in discovery is not part of the record before this Court on appeal. Further, although an identification procedure may have contained flaws, this factor does not, per se, preclude the admissibility of the subsequent in-court identification. *State v. Moody*, 55 Ohio St.2d 64, 67, 377 N.E.2d 1008, 1010 (1978). Officer McClellan testified during his near-collision with Appellant, he was able to make eye contact with the driver of the vehicle in question, and he identified Appellant in court as the driver of the vehicle. Tr. 112, 114. The record before this court does not demonstrate an out-of-court identification procedure which was so suggestive as to require suppression of the in-court identification, and we find no abuse of discretion in overruling the motion for leave to file a motion to suppress.

**{¶59}** The sixth assignment of error is overruled.

VII.

**{¶60}** The trial court imposed Appellant's three-year sentence to run consecutively to a one-year sentence he imposed for violation of Appellant's post-release control. Appellant argues the court erred in failing to make the requisite findings in accordance with R.C. 2929.14.

**{¶61}** Pursuant to R.C. 2929.141(B)(1), the court's sentence for the post-release control violation must be served consecutively to the sentence imposed by the court for this new felony offense. *State v. Gregory*, 5th Dist. Muskingum No. CT2014-0046, 2015-Ohio-2642, ¶ 11. R.C. 2929.14(C)(4) is not implicated, and statutory findings for consecutive sentences are not required by the trial court. *Id.*

**{¶62}** The seventh assignment of error is overruled.

**{¶63}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur